Morange *v.* Morris.

having been perfected in favor of the defendants, upon said decision, the plaintiff appealed therefrom.

*H. & C. S. Andrews,* for the appellant.

*Charles F. Sanford,* for the respondents.

———•◦•———

## MORANGE *vs.* MORRIS.

The refusal of a purchaser to complete his purchase, because there is a lease on the premises, will not deprive him of the right to object that there are other incumbrances on the same property.

Such refusal might relieve the vendor from the necessity of tendering performance, on his part, but will not relieve him from the consequences of not being able to give a good title to the premises, at the time agreed on.

If there are incumbrances upon the property, they should be removed before the time fixed for completing the contract.

Where the vendor is unable to perform, performance on the part of the purchaser is not necessary; except in case the purchaser seeks to compel a performance, or to recover damages without rescinding the contract.

If the vendor cannot give a good title, at the time agreed on, the purchaser has a right to refuse to take the property, and to rescind the contract.

THE parties entered into a contract, in August, 1857, by which the plaintiff agreed to purchase certain real estate of the defendant, consisting of ten lots of land in the city of New York. By the terms of the agreement the plaintiff was to pay $1500 upon the execution thereof, and another payment was to be made on the 21st of September, 1857, at 12 o'clock, noon, at the office of J. Van Namee, 133 Nassau street, New York, when the defendant was to execute and deliver a deed of the land, free from all incumbrances, &c. The plaintiff alleged in his complaint that he did, upon the execution of said agreement, pay to the defendant on account thereof, as required to do in and by said agreement, the sum of $1500, and that he was, on the said 21st day of September, and ever since has been, ready and willing to keep, perform and execute each and every other condition in said agreement mentioned, to be by him kept, performed or executed; but that the defendant did not, on the said 21st day of September, keep, perform or execute, nor was he on said day, nor at any time since, ready to keep, perform or execute the terms, conditions and stipulations mentioned and agreed in said agreement to be kept, performed and executed by him; but that the defendant, on said 21st day of September, was, and ever since has been, totally unable to keep, perform or execute the said agreement on his part, in that he could not on said day, nor at any other time since, convey or assure to the plaintiff the fee simple of the lots in said agreement mentioned, free from all incumbrances, except those therein mentioned. And the plaintiff averred specially, that the defendant had not, on said 21st day of September, nor has he had at any time since, a good and sufficient title in fee to the lots in said agreement mentioned, nor was the defendant then able, nor has he been able at any other time since said day, to convey or assure to the plaintiff, as he agreed to do by said agreement, the fee simple of said lots or either of them; that on the said 21st day of September, the lots mentioned in said agreement were, and ever since have been, in-

Morange *v.* Morris.

cumbered with liens and charges for taxes and assessments, before said 21st day of September levied, imposed and charged to and upon said lots, the amount of which said liens and charges exceeded the sum of $1600, and that said taxes and assessments are still unpaid, and are legal and valid liens and incumbrances upon said lots. The plaintiff further alleged that by reason of the defendant's failure and inability to convey and assure to him the fee simple of said lots, free from incumbrances, as the defendant agreed to do in and by said agreement, he, the plaintiff, had rescinded the agreement, and had demanded from the defendant the return and repayment to him of the said sum of $1500 paid and advanced by the plaintiff to the defendant, on the execution of said agreement; but the defendant had refused and neglected, and still neglected and refused to return or repay said sum, and every portion thereof, to the plaintiff. And the plaintiff alleged that by reason of the defendant's failure and inability to perform the said agreement on his part, he, the plaintiff, had sustained great damage and injury, to wit, the said sum of $1500, so paid and advanced by him to the defendant on the execution of said agreement, together with the interest thereon, and the further sum of $55.75, by the plaintiff paid, laid out and expended in and about the examination of the defendant's assumed title to the said lots, and in and about the searches for liens and incumbrances of, upon and affecting the said lots. For which sum the plaintiff prayed judgment.

The answer alleged that Morris attended, on the day and at the place mentioned, ready to deliver the deed; but that the purchaser made default. The answer further alleged that the defendant, on the said 21st day of September, called upon the plaintiff at his office, and there tendered the deed, and offered to keep and perform the covenants and conditions in the agreement, but the plaintiff made default. The answer then admitted that on the said 21st day of September the lands in question were, and ever since have been, incumbered with certain liens and charges for taxes and assessments, ex-

ceeding $1600; but the defendant averred that he was ready and willing, on the said 21st day of September, to fully pay and discharge all and every of such liens and charges, and should have done so at that time, had the plaintiff been ready and willing to keep and perform the agreement on his part.

And for a further and separate defense, by way of counter-claim, the defendant alleged that at the time said agreement was made and entered into, there was due to him the sum of $125, for rent of the lots of land and premises therein described, for one quarter from the 1st day of August to the 1st day of November, 1857, payable in advance. And that the plaintiff did afterwards, and on or about the 12th day of August, 1857, receive the said sum of $125 for said quarter's rent from the tenant then in the possession and occupation of said lots and premises, which said sum the plaintiff had never paid over to the defendant, but appropriated the same to his own use.

The action was tried at the New York circuit, in May, 1859, before Justice ALLEN and a jury. The counsel for the plaintiff moved the court that judgment be rendered for the plaintiff upon the pleadings, on the ground that it was averred in the complaint, and admitted by the answer of the defendant, that on said 21st day of September, 1857, the lots mentioned in said agreement were, and ever since had been, and then were, incumbered with liens and charges for taxes and assessments before said 21st day of September levied, imposed and charged to and upon said lots, the amount of which said liens and charges exceeded the sum of $1600, and that therefore the defendant, on said 21st day of September, was, and ever since had been, totally unable to convey or assure to the plaintiff the fee simple of the lots in said agreement mentioned, free from all incumbrances, except those therein mentioned. The court thereupon decided that the plaintiff was entitled to judgment against the defendant upon the pleadings, on the ground above mentioned, for the amount

Morange *v.* Morris.

claimed in the amended complaint, less the amount of the counter-claim of the defendant set up in his answer, with interest, and directed the jury to find a verdict for the plaintiff for that amonnt ; to which decision and direction the counsel for the defendant excepted. The jury found accordingly, and from the judgment entered upon their verdict the defendant appealed.

*T. J. Glover,* for the appellant.

*Wm. Fullerton,* for the respondent.

*By the Court,* INGRAHAM, J. The refusal of the plaintiff to complete his purchase because there was a lease on the premises, did not deprive him of the right to object to other incumbrances on the same property. Such refusal might have relieved the defendant from the necessity of tendering performance on his part, but did not relieve him from the consequences of not being able to give a good title of the premises at the time agreed on.

The incumbrances should have been removed before the time fixed for completing the contract. (*Lawrence* v. *Taylor,* 5 *Hill,* 115, *and cases cited.*)

Performance on the part of the plaintiff was not necessary if the defendant was unable to perform ; except in case the plaintiff sought to compel performance, (*Wells* v. *Smith,* 7 *Paige,* 22,) or to recover damages without rescinding the contract. As the defendant could not give a good title at the time agreed on, the plaintiff had a right to refuse to take the property, and to rescind the contract.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Ingraham* and *Sutherland,* Justices.]