JOSEPH DEMESMEY

*v.*

CELESTIN GRAVELIN.

1. PLEADING — *defects cured after verdict.* A declaration in assumpsit, where the evidence supported only an action for money had and received, contained the common counts, but no allegation of a promise to pay the sums mentioned in the several counts, except as to the amount on an account stated: *Held,* such insufficiency of the declaration was cured by verdict.

2.  DEED — *escrow*.  If a party execute a deed and deliver it to a third person, to be delivered to the grantee upon some future event, it is not the grantor's deed until the second delivery.

3.  VENDOR AND PURCHASER — *when the latter may recover back purchase money.*  So where the grantor, on receiving a part of the purchase money, executes a deed and delivers it to a third person to be delivered to the grantee on the latter becoming satisfied as to the title, the agreement being for a good title, upon it appearing that the grantor is unable to make a good title, the purchaser has the right to consider the contract at an end, and to recover the money paid, in an action for money had and received.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This action was brought by Gravelin against Demesmey, to recover money paid by the former to the latter on a contract for the purchase of land.  The plaintiff, basing his right of recovery on a breach of the contract on the part of the defendant, declared on the common counts, but failed to allege any promise to pay the sums mentioned in the several counts, except as to the amount on an account stated, and the defendant insists that the plaintiff must recover, if at all, on that count; that the testimony, if it would support a verdict at all, would not on that count; and denies there was any breach of the contract on his part.  The defendant did not hold the legal title to the land, but procured one Jarvis and others to execute deeds for the lands to the plaintiff, which deeds, as the plaintiff testifies, were left in the hands of LeMoine, the attorney who drafted them, until the proper examination could be made to satisfy the plaintiff that they conveyed the title.

Messrs. LAKE & LORING, for the appellant.

Mr. W. A. RICHARDSON and Mr. T. P. BONFIELD, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This is an action of assumpsit. The declaration contains the count for money had and received. The general issue was filed, and plaintiff recovered a verdict for $680. The alleged insufficiency of the declaration is cured by verdict.

The testimony of the plaintiff is, that he purchased a tract of land of defendant; was to have a good title; and paid on the contract $680. He further testified that LeMoine, who was selected to draft the deeds, said that the title was good. The deeds were left with LeMoine until the proper examination could be made.

The land had been inherited by four children, of the name of LeFevre. The record wholly fails to show that Edward, one of the heirs, had conveyed to any person, and, therefore, at the time of the agreement, had one-fourth interest in the land.

Demesmey contradicts the statement of Gravelin to some extent. He testified that Gravelin was to pay $3,600, for which he was to release his interest; that "Jarvis was to make a deed, and I was, as I *understood* it, to have nothing to do with it. There were no arrangements as to payments." The fact that no arrangement as to payments was made strengthens the evidence of Gravelin that the trade was not consummated until he was satisfied as to the title. He employs a lawyer, who reports that the title is defective. He then informed Demesmey that he could not take the land, and LeMoine surrendered the deeds to the grantors.

Jarvis had married one of the LeFevre heirs, and he and wife and Alfred LeFevre join in the deed to Gravelin. Jarvis also claimed the interest of Maxmie LeFevre, but there is no pretense that any of the grantors owned the interest of Edward LeFevre.

LeMoine also corroborates Gravelin. He says that he held the deeds as an *escrow.* The deeds, in fact, were never delivered to the grantee. If a grantor execute a deed, and

deliver it to a third person, to be delivered to the grantee upon some future event, it is not the grantor's deed until the second delivery. In this case the grantee never had the deeds. The future event never happened. The title was bad, and the trade was not perfected.

The proof shows that the agreement was, to have a good title, and that there was an utter inability to make one. The law, then, is plain. Appellant sold an interest which he did not have, and the purchaser had the right to consider the contract at an end, and to recover the money paid in an action for money had and received.

The contract was rescinded and the land sold to other parties. The money paid was received and retained wrongfully, and should be recovered. *Smith* v. *Lamb*, 26 Ill. 398.

The judgment must be affirmed.

*Judgment affirmed.*