### LIVINGSTON *v.* HUDSON.

1. A sheriff's deed to wild land, regular upon its face, was properly admitted in evidence over objections that the party offering it did not first show that the comptroller-general had advertised the land conveyed for thirty days before issuing the *fi. fa.* for taxes under which it was sold, and that the recital in the deed did not show that it was ever advertised in any particular newspaper published at the capital. Recitals in such deed with respect to the conduct of the sheriff, are presumed to be correct; and the law further presumes that the comptroller-general did his duty before issuing the execution.

2. So the law will presume that the comptroller-general did his duty in furnishing to the clerk of the superior court a list of all the wild lands in his county.

3. The ground of objection to evidence must be specifically stated.

4. A deed improperly admitted to record, its probate being defective, was properly excluded from evidence.

5. If the tax-digests had been lost or mislaid so that they could not be found, testimony that the defendant had returned the land in dispute for taxes, and had paid the taxes to the proper officers for certain years in question, and that his receipts were lost, would have been admissible. It may be that if the digests, when produced, fail to show that the land was given in and the taxes were paid by the defendant, the testimony would then also be admissible.

6. The tax *fi. fa.* being in evidence, and having no executed transfer upon it, it was not error to exclude the testimony of a person who

was the sheriff at the time of the sale of the land as wild land, by whom the defendant proposed to prove that the *fi. fa.* had been transferred by the comptroller-general to another, and that the witness had never received any instructions from the comptroller-general concerning the *fi.fa.*, but that it was fully controlled by such other person.

7. A charge that the law presumes that the comptroller-general did his duty in advertising the sale of the land for taxes, and that it is incumbent on the defendant to show that the comptroller-general did not so advertise, was free from error.

8. A charge not warranted by the facts in evidence is erroneous.

October 3, 1890.

Evidence. Wild lands. Deeds. Presumptions. Practice. Charge of court. Before Judge ROBERTS. Laurens superior court. January term, 1889.

On December 30, 1884, Hudson brought complaint against Livingston for lot 295 in the 12th district of originally Wilkinson, now Laurens county, containing two hundred and two and a half acres; his abstract of title being, grant from the State of Georgia to Thomas Hopper, and sheriff's deed from Dennis McLendon, sheriff, to plaintiff. The defendant pleaded not guilty. The plaintiff recovered, and the defendant moved for a new trial on the general grounds, and on those stated in the opinion.

The plaintiff testified that he bought the land conveyed in the sheriff's deed, went into possession thereunder about a week afterwards, and "was continually in possession until this suit." The sheriff put him in possession; did not go with him, but told him to go. Possession was splitting rails and cutting timber on it. Did not live or have a tenant on it. "The land was sold after two o'clock; Livingston was present at the sale. As I was going out, after the sale of this land, I met Livingston coming in at the side-door of the courthouse." Plaintiff lived broadside to the lot for twelve or fifteen years; and no clearing or improvements were on it in 1875 or 1876. There was a small hut on it, built

of pine poles with the bark on, and with a flat roof covered with boards.

The defendant testified thus : Have been in possession since 1872. In that year Carmichael built a shanty and cleared a garden on the land. Thomburg lived a part of the time in the house by my permission, and cut timber there when the sale was made in 1878. I planted a two-acre potato patch; the garden was very small. I heard that the land was advertised for sale, and went to the sheriff about it. He hunted for the *fi. fa.*, could not find it, and told me he had no *fi. fa.* against the land and would not sell it. I went off satisfied it would not be sold. Left Dublin on the morning of the day of the sale; was not present at the time the land was sold. Thomburg was then on the lot staying in the house and cutting timber by my permission, and got the timber off after the sale, and no one objected.

Thomburg testified in corroboration of defendant as to his connection with the matter.

T. L. GRINER and R. A. STANLEY, by brief, for plaintiff in error.

No appearance *contra.*

BLANDFORD, Justice.

The plaintiff in error moved the court for a new trial upon the several grounds which are embraced in the motion, which motion was refused, and thereupon the plaintiff in error says the court committed error.

The first special assignment of error is, that the court admitted in evidence, over the objection of defendant's counsel, a certain wild land deed made by the sheriff of Laurens county to James T. Hudson, plaintiff, to the lot of land in dispute, the same being a sheriff's deed. The ground of this objection is, that the plaintiff did not first show that the comptroller-general of the State of Georgia had advertised the land conveyed in said deed for thirty days before issuing said *fi. fa.* for taxes, and

because the recital in said deed did not show it was ever advertised in any particular newspaper published at the capital of the State of Georgia, as required by law. We think that this ground is not well-taken. The deed being regular upon its face, the recitals therein in respect to the conduct of the sheriff are presumed to be correct. The law further presumes that every officer does his duty; and it will be presumed that the comptroller-general did his duty before issuing the execution, by making the proper advertisement.

The next ground of error complains that the plaintiff did not first show that the comptroller-general had furnished to the clerk of the superior court a list of the lot of land in dispute. What has been said in reference to the first ground in the motion applies equally to this. The law will presume in favor of the comptroller-general that he did perform his duty by giving to the clerk of the superior court a list of all the wild lands in his county.

The next ground of error alleged is, that the court admitted in evidence, over the objection of defendant's counsel, a certified copy of a deed made to Andrew T. Cunningham to the lot of land in dispute, with other lands under said deed, plaintiff introducing the same under a notice *duces tecum* directed to A. T. Cunningham, Ware county, with an entry on the same only of the sheriff of said Ware county that said A. T. Cunningham was not to be found in said county as set forth in the copy *duces tecum* and copy deed. The particular ground of objection in this assignment is not stated, and the same is not sufficiently specified and set forth.

The seventh ground of objection is, that the court ruled out and excluded from the jury trying the case, the deed of the defendant to the land in dispute, when said deed had been recorded by the clerk of the superior court of the county where the land lay, ruling "that

the said deed was executed before a judge of a court of record, the deed purporting to have been executed in Florida before a justice of the peace." We find no error in this ruling of the court. The deed having been recorded in Laurens county improperly, a probate of the same not having been duly made, the defendant was not entitled to have the same admitted to the jury.

The next ground of error complained of is, that the court erred in ruling out and excluding from the jury the evidence of the defendant, to wit, that he had returned the land in dispute to the tax-receiver, and had paid the taxes on the same to the tax-collector, for the years 1875 and 1876, and the receipts for the same were lost; the court ruling that the digests were the only evidence that could be introduced. We think, as the case then stood before the jury, that this ruling of the court was correct. If the tax digests had been lost or mislaid so that the same could not be found, we think this evidence should have been admitted; but there is no pretense in this case that the tax digests were lost or could not be produced. And it may be that if the digests, when produced, failed to show that the land was given in and the taxes paid by the defendant, this testimony would then have been admissible.

The next assignment of error is, that the court excluded from the jury the testimony of Dennis McLendon, the sheriff at the time of the sale of said land as wild land, by whom defendant proposed to prove that the *fi. fa.* was a transferred *fi. fa.* by the comptroller-general, W. L. Goldsmith, to J. M. Lowery of Laurens county, and that said Lowery delivered said *fi. fa.* to McLendon, directed the levy to be made, the advertisement to be made and run in a certain newspaper published in said county, at an agreed price per lot, and directed the sale of the lot in said *fi. fa.*, under the same, as of other *fi. fas.* that were transferred to said Lowery by said

comptroller-general. Defendant offered this testimony to show that said *fi. fa.* was a transferred *fi. fa.*, and that the witness McLendon had never received any instructions or order from the comptroller-general concerning the *fi. fa.*, and had never transmitted to him any amount of money for taxes as set forth in the *fi. fa.*, nor any amount arising from the sale of the land, but that the same was fully controlled by the said Lowery. These facts would not prove a transfer, the *fi. fa.* itself being in evidence and having no executed transfer upon it.

The next assignment of error is, that the court charged the jury that the law presumes that the comptroller-general in this case did his duty in advertising the sale of this lot of land for taxes, and that it is incumbent on the defendant to show that the comptroller-general did not so advertise. We think this charge of the court was right under the law.

The last assignment of error is, that the court charged the jury that "if you believe the lot of land was sold by the sheriff of said county, and Livingston was present and permitted it sold, then he (Livingston) would be estopped, if he failed to disclose the fact of its not being a wild lot." We think, under the facts of this case, that this charge of the court was error, the facts not warranting the conclusion that Livingston was present at the time of the sale, or that he knew that the land was to be sold, or that he failed to disclose the fact that the land was not a wild lot. And for this reason we reverse the judgment of the court below in refusing to grant a new trial.      *Judgment reversed.*