HEARD <em>et al. v.</em> COGGINS.

1. In its charge to the jury upon the trial of the case the court should not give instructions which are unauthorized by the evidence.
2. The vendor who sells and delivers property and receives therefor the notes of the purchaser, in the absence of fraud, can not rescind the trade without the consent of the vendee; and the vendor must also, in order to complete the rescission, restore the status quo.

FEBRUARY 18, 1910.

Trover. Before Judge Gober. . Cherokee superior court. December 29, 1908.

. L. A. Henderson, P. P. DuPre, and H. L. Patterson, for plaintiffs in error.

G. I. Teasley and J. Z. Foster, contra.

BECK, J. A. L. Coggins brought suit against Linton Heard and John J. Bruton, alleging that the defendants were in possession of two certain described mules belonging to the plaintiff, valued at $500, and that they refused to deliver the same. He sued also for the hire of said mules at the rate of $2.00 per day. Upon the trial of the case the plaintiff introduced evidence to show, that he had sold the mules to Seymour Heard for $500; that Heard had never paid him anything on them, and had only given his promissory notes; that later, when Heard failed financially and his estate was about to be administered by the bankrupt court, the plaintiff sent his agent, one Collins, to see him and arrange to get the mules back, which Collins did, the agreement reached being that Heard was to return the mules and Coggins was to give him back his notes, though Heard was to pay the accrued interest on the notes; that when Coggins sent for the mules Seymour Heard had turned them over to his brother, Linton Heard, but promised that he would later deliver them to the plaintiff, in accordance with the agreement made with Collins, as above indicated. According to the plaintiff's evidence, two or three efforts were made to get the mules back, and each time Seymour Heard promised to see that they were returned, but offered some excuse for letting his brother hold them during the pendency of his bankruptcy proceedings. An effort was made to get Linton Heard, then in possession of the mules, to deliver them to the plaintiff, but he likewise delayed action and said he would communicate with his brother Seymour about the matter. Finally Seymour Heard left the country, and Linton Heard then claimed that the mules had been transferred to him by his brother Seymour, along with other personalty to be applied on a debt of $2500 which had been owing to him by his brother for a year and a half. Linton Heard testified that Seymour Heard had delivered him the mules, in part payment of this debt, before any demand was ever made for them by Coggins and before Coggins claimed to have bought them back from Seymour Heard. Linton Heard had subsequently sold them to John J. Bruton, the other defendant in the case. Verdict

and judgment was rendered against the defendants in favor of the plaintiff for $400 as the value of the mules, and for $10 per month for thirteen months, as the hire of them.    The defendants filed a. motion for a new trial, which being denied, they excepted.

The plaintiff in the court below recognized the necessity of showing that there had been a rescission of the trade between himself and Seymour Heard, whereby the latter obtained title to and possession of the mules sought to be recovered in this action.    The vendor, Coggins, had sold the mules to Seymour Heard, taking therefor Heard's notes without reservation of title in Coggins. There is no evidence tending to show that the sale of the property and the transfer of the title to the vendee was in any way vitiated or affected by any fraud upon the part of the purchaser; in fact there is no contention upon the part of counsel that Seymour Heard procured title and possession of the property by any fraudulent conduct or statements.    That being true, the plaintiff would not have had the right to rescind the trade and assert title in himself to the property, except with the consent of his vendee and such concurrent agreement and acts upon his own part as would have restored the status quo existing at the time of the sale.    He could only continue to hold the notes of the purchaser subject to the order of the latter and for delivery to him.    The mere fact that the purchaser of the mules from Coggins had agreed to return the mules, and that he had not made any payment of the purchase-money, would not effect a rescission of the trade, unless at the same time Coggins had returned the purchase-money notes or taken some other step that would have terminated the relation of creditor and debtor between him and the maker of the notes.    The evidence in the case is so confused that it is impossible to ascertain from it the exact terms of the agreement between the plaintiff and Seymour Heard, relative to the return of the property to the former.    The plaintiff himself in his testimony frequently used the expression : "I bought the mules from Mr. [Seymour] Heard."    And he also testifies that he paid him back the money, after having declared in another portion of his testimony that he had not received a dollar from him.    But if we construe this testimony to mean that he had agreed to take back the mules without exacting payment for them by the purchaser, it still appears from the evidence in the case that he continued to hold the notes, not in the right of the maker and sub-

ject to his order, but for the purpose of collecting the interest due on them.

Among others, there are certain grounds of the motion for a new trial in which error is assigned upon the charge of the court to the jury upon the subject of rescission of the contract of sale between the plaintiff and Seymour Heard, the same being criticised upon the ground that the charge upon the subject of rescission was unauthorized by the evidence, and that it does not correctly state the law upon the subject of rescission. Under the facts appearing in the record, both exceptions are well taken. The charge of the court which submitted to the jury the question as to whether there had been a rescission of the trade or not was without evidence to authorize it. And furthermore, the charge upon the subject of rescission, which is complained of in the motion for a new trial, was open to the criticism that it erroneously stated the law to the jury when they were instructed that Coggins could himself, independently of consent upon the part of Seymour Heard, rescind the contract of sale by which the latter had obtained possession of the mules and the title thereto.

Other assignments of error are made in the motion for a new trial; but it is unnecessary to pass upon them, as the questions raised thereby grew out of occurrences which are not likely to recur upon the next trial.

*Judgment reversed. All the Justices concur.*