DECIDED FEBRUARY 18, 1915.

Action for money had and received; from city court of Atlanta—Judge H. M. Reid.  January 24, 1914.

*C. B. Reynolds,* for plaintiff.

*Candler, Thomson & Hirsch,* for defendant.

---

## 5633.  SPERRY v. PLANTERS' RICE MILL CO.

WADE, J.  There was no error in sustaining the demurrer, for the reason that the petition failed to show that the purported purchaser ever offered to buy and pay for the real estate which had been the subject-matter of negotiation. *Judgment affirmed. Broyles, J., not presiding.*

DECIDED FEBRUARY 18, 1915.

Complaint; from city court of Savannah—Judge Davis Freeman.  February 11, 1914.

The petition of M. L. Sperry against the Planters Rice Mill Company was dismissed on demurrer.  The petition alleges:  On February 8, 1912, the plaintiff paid defendant $1,000 for an option to purchase front lot No. 3, wharf lots in Yamacraw, whereby it was agreed that plaintiff should pay defendant $65,000 for said wharf lot, the $1,000 to become the property of the defendant if the option was not taken up, but if the option was taken up, the $1,000 was to be on account of the purchase-price.  Defendant was to give a fee-simple title, warranted by it.  Defendant acknowledged to have received the sum of $1,000 on account, to bind the bargain.  Said option was in writing and a copy of the same is hereto attached, marked "Exhibit A."  On March 1, 1912, plaintiff notified defendant that he would take the property and demanded title.  Defendant, in response to said demand, failed and refused to make title.  Plaintiff was able to pay the full purchase-price and was ready and willing to pay the same.  Defendant had

no title to said property and was unable to make title. Defendant having no title to said property and being unable to make a title to the same to plaintiff, plaintiff, on the 15th day of March, 1912, demanded the return of the $1,000 paid to the defendant on account of purchase-money, which demand the defendant refused. Because of the facts stated, defendant is indebted to plaintiff in the sum of $1,000, which sum it refuses to pay. Plaintiff prays process, etc. By amendment it is alleged: "On or about March 1, 1912, plaintiff notified defendant that he would accept said option of date February 8, 1912, take the property described therein, and pay the balance of the purchase-price, to wit, $64,000, provided good and sufficient title by warranty deed be executed by the defendant to him, and thereupon demanded title. The defendant then and there admitted that it did not have a good and sufficient title to said property and could not convey title by warranty deed as it had contracted to do. Defendant at the time had no color or claim of title to said land, and so admitted at the time above mentioned."

Exhibit A was as follows: "Savannah, Ga., Feb. 8, 1912. I have this day negotiated an option between the Planters Rice Mill Company, the seller, and M. L. Sperry, the buyer, to purchase the property of the seller, known as front lot # 3 Wharf Lots in Yamacraw, North of River Street, Savannah, Ga., . . the seller agreeing to give an option to the purchaser for ninety days from this date to purchase said property for the sum of $65,000; the purchaser to pay for said option the sum of $1,000; the $1,000 to become the property of the seller if the option is not taken up, but if said option is taken up, the $1,000 is to be on account of the purchase-price. Titles are to be warranted and fee simple. Taxes, water-rents, and rents are to be prorated between the parties upon the passing of the title. I acknowledge to have received the sum of $1,000 on account, to bind the bargain. The seller is to pay my commission of 2½ per cent. Final settlement and payment of the purchase-money is to be made through me. This option executed in triplicate. [Signed] G. A. Mercer, Broker. Accepted: The Planters Rice Mill Co., by Geo. W. Owens, Pres., M. L. Sperry."

The demurrer was on the grounds, among others, that the petition does not set forth a cause of action, and that it does not state

that the plaintiff paid or offered to pay the purchase-price specified in the option.

*Osborne & Lawrence, Edmund H. Abrahams,* for plaintiff, cited: *Black* v. *Maddox,* 104 *Ga.* 157; 29 Am. & Eng. Enc. L. (2d ed.) 601, 618, 666; Judson *v.* Wass, 11 John. 525 (6 Am. D. 392); Sanders *v.* Lansing, 70 Cal. 429 (11 Pac. 702); Smith *v.* Lamb, 26 Ill. 396 (79 Am. Dec. 381-3); Demesmey *v.* Gravelin, 56 Ill. 93; Wheeler *v.* Mather, 56 Ill. 241; Baston *v.* Clifford, 68 Ill. 70; 48 Century Dig. 1375-8-9; 2 Warvelle on Vendors (ed. 1890), 948; Burks *v.* Davies, 85 Cal. 110 (20 Am. St. R. 213); Maupin on Marketable Title to Real Estate (2d ed.), § 87, pp. 202-5; Read *v.* Walker, 18 Ala. 323; Wright *v.* Dickinson, 67 Mich. 580 (11 Am. St. R. 602); Runkle *v.* Johnson, 30 Ill. 328 (83 Am. Dec. 191); Stow *v.* Stevens, 7 Vt. 27 (29 Am. Dec. 139); Goodesson *v.* Nunn, 4 T. R. 761; Tinney *v.* Ashley, 16 Pick. 546 (26 Am. Dec. 620); Morange *v.* Morris, 3 Abb. Dec. 314, aff. 34 Barb. 311; Cobb *v.* Hall, 33 Vt. 233; Richards *v.* Allen, 17 Maine, 296; Bennett *v.* Phelps, 12 Minn. 326; Smith *v.* Rogers, 42 Hun, 110; 48 Am. Dig. (Cent. ed.) 1411; Newcomb *v.* Brackett, 16 Mass. 161; Turner *v.* Parry, 27 Ind. 163; Thurston *v.* Franklin College, 16 Penn. St. 154; *Cooley* v. *Moss,* 123 *Ga.* 707 (1); *Mobley* v. *Lott,* 127 *Ga.* 572; *Smith* v. *Georgia Loan &c. Co.,* 113 *Ga.* 975; *Arnold* v. *Empire Ins. Co.,* 3 *Ga. App.* 686 (5); *McDonald* v. *Beall,* 55 *Ga.* 289 (10); *Sizemore* v. *Pinkston,* 51 *Ga.* 398; *McManus* v. *Cook,* 59 *Ga.* 488; *O'Neal* v. *Miller,* 9 *Ga. App.* 180.

*George W. Owens, T. P. Ravenel, E. S. Elliott,* for defendant, cited: *Jarman* v. *Westbrook,* 134 *Ga.* 19; *Larned* v. *Wentworth,* 114 *Ga.* 208; *Gray* v. *Lynn,* 139 *Ga.* 294; *Robinson* v. *Weller,* 81 *Ga.* 704; *Arnett* v. *Tuller,* 134 *Ga.* 609; *Van Winkle* v. *Harris,* 137 *Ga.* 43; *Smith* v. *Tatum,* 140 *Ga.* 719-20; 1 Sugden on Vendors (8th Am. ed.), 366 (marg. p. 241); *Watkins* v. *Hendricks,* 137 *Ga.* 330; *Booth* v. *Atlanta Clearing House Assoc.,* 132 *Ga.* 100 (4), 109; *Heard* v. *Coggins,* 134 *Ga.* 52; *Harden* v. *Lang,* 110 *Ga.* 392; *Black* v. *Walker,* 98 *Ga.* 31; *Sasser* v. *Pierce,* 6 *Ga. App.* 321; *Emery* v. *Atlanta Exchange,* 88 *Ga.* 327; *White* v. *Stewart,* 131 *Ga.* 460; Civil Code, § 4193.