STEPHENS, executor, *v.* HUGHEY.

562

No. 8498. March 3, 1932.

*J. M. Lang* and *Y. A. Henderson,* for plaintiff.

*J. H. Paschall,* for defendants.

Atkinson, J. █ To an application for probate of a will in solemn form the wife of the testator filed a caveat upon several grounds. The fourth ground of caveat alleges that "at the time of the making and executing of said pretended will said Paul T. Hughey was not of sound and disposing mind; that he did not execute the said pretended will freely and voluntarily, but was moved thereto by the undue influence and persuasions of Mrs. Bessie Stephens, Mrs. Willie Varn, and Mrs. Emmie Stepp over him, who not only overpersuaded him, but who caused him to be highly prejudiced against your petitioner without cause, and to such an extent as to persuade him to will his property to them, to the exclusion of petitioner who was at said time his lawful wife." This ground was demurred to upon the ground that these statements are "mere conclusions of the pleader and are insufficient in law for the order passed on said petition, and insufficient to require defendant to probate said will in solemn form, because the grounds alleged therein are insufficient to raise any grounds of the illegality of said will, or to base a finding or adjudication by the court that

the will probated in common form is not the will of the said Paul T. Hughey." As this demurrer goes to the entire ground, the court properly overruled it, because the allegation that at the time of making and executing the will Paul T. Hughey was not of sound and disposing mind and memory was sufficient to raise the question of devisavit vel non.

■ In the fifth ground of the caveat it is alleged that "at the time of the execution of said pretended will she and the said Paul T. Hughey were living in a bona fide state of separation, and there was pending in Gordon superior court an action for total divorce. She also shows that subsequently to the execution of said pretended will she and the said Paul T. Hughey were reconciled, their domestic differences adjusted; said divorce proceeding was removed from court, and she and her said deceased husband again lived together as husband and wife; that at and for some time prior to the death of said Paul T. Hughey they had been living together as they had formerly done for nine years, and that it was the intention of said Paul T. Hughey to destroy the said pretended will, but he failed to do so through neglect and because of the fact that the said will was in the possession of one of his sisters, Mrs. Bessie Stephens, who resided in Atlanta, while petitioner and her husband were residing in Calhoun, Georgia. She shows that for these reasons the said pretended will was null and void and of no effect." As against this ground of caveat the demurrer should have been sustained, as no valid ground for refusing probate was therein set forth.

■ Another ground of caveat was as follows: "She shows that besides caveatrix her late husband left surviving him, in addition to the three sisters named as beneficiaries of his pretended will, a brother, Parks Hughey; that none of the sisters named in said will have any children, except Mrs. Bessie Stephens, who has one child; that the sisters of said deceased husband are all married, and they and their husbands are comfortably fixed and financially independent; that the husbands of his said sisters are all in good financial condition and all engaged in gainful occupations and earning large salaries, but that the surviving brother of her said husband has no property of any kind, and has a wife and four children, and is a mechanic and makes a meager living; that during the lifetime of her said husband he frequently helped his

**564**

brother financially, but that in making said will the said brother was excluded entirely from said will, and no property bequeathed to him; that the reason for this was because of the undue influence and overpersuasions exercised over and upon her said husband by his said sisters, and especially Mrs. Stephens and Mrs. Stepp." A demurrer to this ground of caveat, because it was "insufficient to set up any meritorious caveat, and was a mere statement of the conclusions of the pleader, with no issuable facts pleaded setting forth why said will should not be probated," should have been sustained. No facts are therein alleged to show "undue influence or overpersuasion."

■ In another ground of caveat it was alleged that "the husband of the caveatrix was a person who was very easily persuaded and influenced, and especially was this true as to his sisters; that they pretended to love him very much and they were able to persuade him to do whatever they wanted him to do. She shows that he was largely under the domination of his said two last-named sisters, and that because of that fact his said sisters easily influenced him, and did influence him to make the pretended will, and that the said will was not in fact his will, but was the will of his said sisters." A demurrer for the reason that this ground stated mere conclusions of the pleader, without sufficiently alleging any facts, should have been sustained. The same ruling is applicable to the demurrer to paragraph 3 of the amendment to the caveat.

■ In paragraph 4 of the amendment to the caveat it was alleged that "the instrument propounded is unreasonable and unnatural for the reasons herein set forth, . . in that its purport is to will to persons not heirs at law the whole of testator's estate, excluding caveatrix, who was and is the sole heir at law of said testator, and is therefore void and of no effect as against this caveatrix." While a will executed by a husband whose wife survives him, in the event the wife is excluded entirely from the benefits of the will, will be scrutinized closely, the mere fact that the wife receives no benefit under the will does not render the will "void and of no effect" as against the wife.

■ The fifth paragraph of the amendment to the caveat is that "the alleged will was not freely and voluntarily executed by Paul T. Hughey, but was the result of the fraudulent practices upon the fears and affections by Mrs. Willie Varn and Mrs. Bessie Stephens,

who at and before the execution of said instrument persuaded the testator that this caveatrix was trying to ruin him and break him up, and did not love him or care anything for him, which statements were untrue and without foundation." This was demurred to on the ground that it set forth mere conclusions of the pleader, without alleging facts upon which to base the same. It was not open to that objection; for, after alleging that the will "was the result of fraudulent practices upon the fears and affections" of the testator (which allegation, standing alone, would have been a mere conclusion of the pleader), it was in substance alleged that the fraudulent practices consisted in the representations of Mrs. Varn and Mrs. Bessie Stephens made to the testator that "caveatrix was trying to ruin him and break him up, and did not love him or care anything for him." This allegation of fact removed the ground of objection that the allegation of fraud practiced upon the testator was a mere conclusion of the pleader.

■ The court having erred in overruling the demurrer to several grounds of the caveat, as indicated above, all that took place afterward was nugatory; and the grounds of the motion for a new trial will not be passed upon.

*Judgment reversed. All the Justices concur.*