## MORELAND *v.* WORD *et al.*

HAWKINS, Justice. Mrs. May Warlick Moreland, plaintiff in error, filed a petition in the Court of Ordinary of Floyd County, Georgia, for the probate in solemn form of the will of her deceased mother, Jessie Ross Warlick. Mrs. Lucy Warlick Word, a daughter of the decedent, individually and as guardian of Susie Warlick Thomas, incompetent, and Elizabeth Brown as guardian ad litem for Susie Warlick Thomas, a daughter of decedent, and who are now defendants in error, filed their identical caveats to the will on the grounds which will hereinafter be referred to. On the appeal in the Superior Court in Floyd County, the demurrers of the propounder to the caveats were overruled, and to this judgment the propounder excepted pendente lite, and error is properly assigned upon the exceptions pendente lite in the record here. The case proceeded to trial and resulted in a verdict in favor of the caveatrices. The propounder presented her amended motion for a new trial, which was overruled, and to this judgment she also excepts. *Held:*

1. In *Stephens* v. *Hughey*, 174 *Ga.* 561 (162 S. E. 915), it is held: "An allegation in a caveat, that at the time of making and executing the will offered for probate the testator was not of sound and disposing mind and memory was sufficient to raise the issue of devisavit vel non, and was not demurrable as a conclusion of the pleader." It was not error to overrule the demurrer to paragraph 1 of the caveat, which alleged that the testatrix at the time of making said pretended will was not of sound and disposing mind and memory.

2. As pointed out by this court in *Orr* v. *Orr*, 208 *Ga.* 431, 433 (67 S. E. 2d, 209), and in many other decisions, each will case must rest on its own facts, and the decisions in other cases are generally of little help.

This is particularly true with respect to the issues of fraud and undue influence in the procurement of a will. Both fraud and undue influence which may operate to invalidate a will may exist in so many different forms and may operate through so many diverse channels that it could hardly be expected that any two cases would present substantially the same state of facts. However, there are certain general rules which must be observed and applied in all such cases, where applicable, even though the facts of none are identical. Our Code provides that the very nature of a will requires that it should be freely and voluntarily executed, and that anything which destroys this freedom of volition invalidates the will, such as fraudulent practices upon the testator's fears, affections, or sympathies, duress or any undue influence whereby the will of another is substituted for the wishes of the testator (Code, § 113-208), and that a will procured by misrepresentation or fraud of any kind, to the injury of the heirs at law, is void. § 113-209. A will executed under a mistake of fact as to the conduct of an heir at law of a testator is inoperative as to such heir, and the testator shall be deemed to have died intestate as to him. Code, § 113-210. In *Penniston* v. *Kerrigan*, 159 *Ga.* 345, 351 (125 S. E. 795), this court said: "We think that to allege in a caveat that one daughter has convinced a father that the other daughter does not love the father is to allege a fact and a most potent fact likely to influence the father in the execution of his will." The caveats in this case alleged: that, because of their animosity and ill will towards, and their hatred of the caveatrices generated by a quarrel and fight between Mrs. Hattie Rasper and the caveatrices in the home of one of them, the propounder and her sister, Mrs. Rasper, deliberately entered into a fraudulent and vengeful scheme to convince their mother that the caveatrices were undutiful, did not love or care for her, and were attempting to defraud her of her home and her interest in her husband's estate, and by false representations to that effect convinced the testatrix that the caveatrices no longer loved or cared for her, but intended to defraud her of her right as a widow and heir of her deceased husband; that these beliefs on the part of the testatrix as to the conduct, intentions, and feelings of the caveatrices were entirely untrue and unwarranted; and that the will was executed by the testatrix under this mistaken belief as to the conduct of the caveatrices. Under the authorities hereinbefore and hereafter cited, the caveats were sufficient to allege fraud, undue influence, and mistake of fact, and the trial court did not err in overruling the demurrers to paragraphs 2, 5, and 7 of the caveats. See, in this connection, *Bohler* v. *Hicks*, 120 *Ga.* 800 (48 S. E. 306); *Franklin* v. *Belt*, 130 *Ga.* 37 (60 S. E. 146); *Grassham* v. *Wardlaw*, 174 *Ga.* 36 (161 S. E. 838); *Trust Company of Ga.* v. *Ivey*, 178 *Ga.* 629 (173 S. E. 648); *Griffin* v. *Barrett*, 185 *Ga.* 443 (195 S. E. 746); *Levens* v. *Levens*, 203 *Ga.* 646 (47 S. E. 2d, 748).

3. Nor did the court err in overruling the demurrer to paragraph 6 of the caveat, alleging: that the will was executed by the testatrix while possessed and under the influence of an insane delusion that the caveatrices no longer loved or cared for her nor were they interested in her welfare, and that they were conspiring together against her and the

other children to defraud them of their legal rights in the estate of their father, and intended to deprive their mother of the family home in Rome, Georgia, which they intended to secure for themselves; that these beliefs were entirely without foundation and were untrue, but they were unable to reason the testatrix out of these delusions; and that the monomania of the testatrix became fixed to the extent that she executed the pretended will while under such insane delusions. Code § 113-204 provides that a monomaniac may make a will, if the will is in no way the result of or connected with monomania. This court has held that monomania exists when one, because of partial insanity, becomes imbued with an hallucination or delusion that something extravagant exists which has no existence whatever, and is incapable of being permanently reasoned out of that conception. *Stephens v. Bonner,* 174 *Ga.* 128 (6) (162 S. E. 383); *Dyar* v. *Dyar,* 161 *Ga.* 615 (131 S. E. 535); *Bohler* v. *Hicks,* 120 *Ga.* 800, (supra); *Brumbelow* v. *Hopkins,* 197 *Ga.* 247 (29 S. E. 2d, 42).

4. Nor did the court err in overruling the demurrers to paragraphs 8 and 9 of the caveats. Each alleged respectively that the disposition of the estate of the testatrix made by the will was unreasonable, and that the recitations of the will disclosed in and of themselves that undue influence had been exercised upon the testatrix by the propounder and her sister, Mrs. Rasper. While these paragraphs of the caveat do contain conclusions, the facts upon which the conclusions are based are set out therein, and this court cannot say that the conclusions are unauthorized as a matter of law. Whether they are reasonable conclusions supported by the facts alleged are questions of fact for determination by a jury. While it is true that a separate and distinct ground of caveat, based on the mere allegation that the will is unreasonable because it left only small or token bequests to two of the testatrix's children, and bequeathed the entire remainder of the estate to three other children, would be demurrable—yet, where, as here, the caveat alleges that the will was the result of fraud and undue influence, working injury to the caveatrices as heirs of the testatrix, the reasonableness or unreasonableness of the disposition made of the property by the will may be considered in connection with the allegations of fraud and undue influence. *Franklin* v. *Belt,* 130 *Ga.* 37 (supra).

5. The 3rd and 4th paragraphs of the caveat, attempting to charge revocation of the will, were abandoned by counsel for the caveatrices, and no ruling is required with respect thereto.

6. In *Bowman* v. *Bowman,* 205 *Ga.* 796 (2) (55 S. E. 2d, 298), it is held: "Where a will is attacked as having been obtained by undue influence, since such influence can seldom be shown except by circumstantial evidence, the attack may be supported by a wide range of evidence, such as a confidential relationship between the parties; the reasonableness or unreasonableness of the disposition of the testator's estate; diseases affecting the strength of mind of the testator; his dealings and associations with the beneficiary; his habits, motives, feelings; his strength or weakness of character; his family, social and business relations; his mental and physical condition at the time the will was made; his manner and conduct; or any other proved fact or circumstance going

to show the exercise of undue influence on the mind and will of the testator." Applying this ruling to the instant case, the trial judge did not err in admitting, over the objection that it was immaterial, the testimony of the caveatrix, Lucy Warlick Word, as to a quarrel and fight in her home between the caveatrices and their sister, Hattie Rasper, which resulted in the alleged animosity on the part of the latter that prompted her to exert the alleged undue influence and make the fraudulent representations to the testatrix resulting in the execution of the will here sought to be probated; or in admitting over the objection that it was hearsay the correspondence between Mrs. Rasper, the person alleged to have exerted undue influence, and her mother, the testatrix, disclosing the confidential relationship existing between them, their dealings and association with and their feelings towards each other and the other members of the family, and their family, social, and business relations, tending to support the allegations of the caveats as to the fraud, undue influence, and mistake of fact under which it is contended the testatrix acted at the time of the execution of the will. The 1st, 2nd, and 3rd grounds of the amended motion for a new trial are without merit. See, in this connection, Payne v. Payne, 97 W. Va. 627 (125 S. E. 818 (6)).

7. The record discloses that, before any evidence was introduced, "It was orally stipulated in open court by counsel for the caveators that a prima facie case for the propounder was admitted, i.e., that the factum of the will, and that at the time of its execution the testatrix apparently had sufficient mental capacity to make it and, in making it, acted freely and voluntarily, were admitted." With respect to this stipulation the trial court in the first portion of its charge instructed the jury: "Now, in that connection, gentlemen, I charge you that in this case, when the propounder of the will, that is, May Warlick Moreland, when she offered in evidence in this case the will for your consideration and it was stipulated by counsel for the caveator that the will was executed, and whether it was properly executed, gentlemen, they said that they would admit and so stipulated that apparently it was duly executed." *Held:*

(a) In *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (2c) (151 S. E. 349), it is held: "A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict, and requires the grant of a new trial."

(b) In view of the above-quoted stipulation of counsel and the previous instruction to the jury, it was error for the judge thereafter to charge the jury: "Now, whether or not, gentlemen, May Warlick Moreland, as the propounder of this will, this paper, as the will of Jessie Ross Warlick, satisfied you that it was executed in the manner provided by this law, and apparently was the free and voluntary act of the maker or signer of that paper, and that she was mentally capable of making a will, are all questions of fact for you to determine. If those essential elements appear with the certainty that I have described to you then you would be authorized to say that the will, this paper, was executed as a will in the manner required by law. If those essential elements

of the execution of the will do not appear with the certainty required by law, about which I have charged you, then you would not be authorized to set up this paper as the will of Jessie Ross Warlick."

This latter charge, complained of in ground 4 of the amended motion for a new trial, and a charge of similar import complained of in ground 5 of the amended motion for a new trial, were in conflict with the charge previously given, and were also objectionable as submitting to the jury the question of whether the will had been properly executed when no such issue was made either by the pleadings or the evidence, but, on the contrary, that question had been resolved by the stipulation of counsel. *Thornton* v. *Parker,* 208 *Ga.* 633, 638 (68 S. E. 2d, 695).

8. While the caveat raised the issue of testamentary capacity, we have carefully examined the brief of evidence in this case and find no evidence whatever tending to prove lack of mental capacity to execute a will on the part of the testatrix. The trial judge, therefore, erred in charging the jury as complained of in grounds 6 and 7 of the amended motion for a new trial, submitting to the jury the issue of testamentary capacity and the law applicable to such an issue. *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) (158 S. E. 20); *Wylly* v. *Gazan,* 69 *Ga.* 506 (3, 4); *Livingston* v. *Hudson,* 85 *Ga.* 835 (8) (12 S. E. 17); *Heard* v. *Coggins,* 134 *Ga.* 52 (67 S. E. 429).

9. The caveats raised the issue of monomania, but a careful examination of the brief of evidence fails to disclose any evidence showing insanity, a diseased condition of the mind, or disordered intellect on the part of the testatrix. While there was some evidence from which the jury might have found that the testatrix may have been motivated by mistakes, prejudices, or dislikes, and even though they could be said to be unjust, there was no evidence that they sprang from a disordered intellect; and this being true, monomania was not involved under the evidence. *Dibble* v. *Currier,* 142 *Ga.* 855 (83 S. E. 949); *Brumbelow* v. *Hopkins,* 197 *Ga.* 247 (29 S. E. 2d, 42). It having been stipulated that the testatrix was of sound and disposing mind and memory and there being no evidence to the contrary, if the jury should find that she acted freely and voluntarily in the execution of her will, then she was entitled to her preferences, dislikes, and animosities toward her heirs, and could be guided by them in the disposition of her estate, even though her beliefs were unfounded, if not used to coerce and control her will, or impose a fraud upon her. *Carter* v. *Dixon,* 69 *Ga.* 82 (6). The trial court, therefore, erred in submitting to the jury the issue of monomania, as complained of in ground 8 of the amended motion for a new trial.

10. There was some evidence to support the allegations of the caveat that the will was procured by fraud and undue influence, and the trial court did not err in charging the jury as complained of in the 9th and 10th grounds of the amended motion for a new trial.

11. There was also some evidence tending to support the allegations of the caveats that the will was executed by the testatrix under a mistake of fact as to the conduct of the caveatrices, and the trial judge did not err in submitting this issue to the jury, and in charging the jury as complained of in ground 11 of the amended motion for a new trial.

12. The trial judge did err in instructing the jury as to the form of the

verdict which they could return, as complained of in ground 12 of the amended motion for a new trial. Having submitted to the jury the issue of whether the will was executed by the testatrix under a mistake of fact as to the conduct of the caveatrices, and having properly instructed the jury that, if they found the will to have been so executed, it would be inoperative as to such heir or heirs (Code, § 113-210)—it was error to instruct the jury that, if they found the will to have been so executed, they should return a verdict finding against the will as a whole. *Adams* v. *Cooper*, 148 *Ga.* 339 (96 S. E. 858).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18017. Submitted November 12, 1952—Decided January 12, 1953.

*Matthews, Maddox & Bell,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt* and *Dudley B. Magruder Jr.,* contra.