18485. CALHOUN, Administrator, *v.* CARTER *et al.*

ARGUED FEBRUARY 8, 1954—DECIDED MARCH 8, 1954.

*Farkas, Landau & Davis, Ford & Houston,* for plaintiff in error.

*W. J. Crowe, W. J. Forehand, Robert B. Williamson,* contra.

SUTTON, Justice. The special ground of the motion for new trial complains of the charge: "If one should have mind or reason

sufficient to have a desire and a rational desire as to what disposition he wishes to make of his property, and to clearly understand and appreciate the consequences of making a deed, such as this—should you find he made such a deed of conveyance to these parties of his property—having at the time sufficient desire and a rational desire to do so, and his mind was sufficient to understand his act as to the execution of the deed to his property to the persons named therein; and that the consequence of his act was to divest himself of the title to his property and invest it in the persons named in the deed, then he would be capable of making a valid deed under the laws of this State and, in that case, you should find for the defendants."

The criticism is that this excerpt from the charge eliminated from the consideration of the jury the contentions of the plaintiff: (1) that the deed was executed by reason of undue influence; (2) that there was an inadequacy of consideration and a great disparity of mental ability; (3) that it is inconsistent and wholly irreconcilable with designated portions of the charge giving the contentions of the plaintiff. Counsel for the plaintiff state in their brief that the charge in the abstract was correct, but contend that, by use of the language excepted to, the court nullified the effect of the charge in reference to undue influence and inadequacy of consideration.

Before giving the excerpt complained of, the court charged fully and at length on the contentions of the plaintiff as set forth in his petition, and instructed the jury that they should return a verdict setting aside the deed in the event they found, as contended by the plaintiff: (1) either that the grantor did not have mental capacity to make the deed; (2) or that undue influence was exerted upon the grantor by one or more of the grantees; (3) or that there was inadequacy of consideration coupled with mental disparity of the parties. Having fully charged the law applicable to each of the plaintiff's contentions, the judge then took up the contentions of the defendants, as set forth in their answer, wherein they denied the facts alleged in the petition, in the course of which he said: "Now, I charge you, in connection with this matter, that mere weakness of mind resulting from old age or feebleness of health not amounting to imbecility is not sufficient to warrant a jury setting aside a deed of gift, that is,

for love and affection, in the absence of fraud or undue influence." Then follows the portion of the charge set out above, to which plaintiff excepts.

A reading of the entire charge will show that the excerpt complained of, wherein the court was stating the contentions of the defendants, was neither in conflict with, nor did it nullify the other portions of the charge dealing with the contentions of the plaintiff. Furthermore, the court informed the jury that they would have the pleadings out with them and that they could refer to them and see just what was claimed by each party. Compare *Deaton* v. *Swanson*, 196 *Ga.* 833 (5) (28 S. E. 2d 126); *Hall* v. *Turner*, 198 *Ga.* 763 (4) (32 S. E. 2d 829).

An examination of *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (2c) (151 S. E. 349), *Moreland* v. *Word*, 209 *Ga.* 463 (7a) (74 S. E. 2d 82), and similar cases, which deal with conflicts and contradictory statements in the cases therein dealt with, cited and relied on by the plaintiff in error, will disclose that they are not applicable or controlling in the present case where there are no conflicts or contradictory statements in the charge. The charge as a whole was full and fair and adequately covered the contentions of the parties and the principles of law applicable thereto.

Accordingly, the charge complained of was not erroneous for any reason assigned.

The general grounds of the motion for new trial having been abandoned, the trial court did not err in denying the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur.*