## YOUNG *v.* MALLORY.

Section 3262 of the Civil Code is not applicable to a case in which it appears that the testator not only knew that a given person existed and claimed to be his nearest of kin, but had full time and ample opportunity, before executing his will, for ascertaining with certainty the truth or falsity of the claim of relationship.

Argued February 2, — Decided February 27, 1900.

Probate of will—appeal.   Before Judge Evans.   Bulloch superior court.   April term, 1899.

*Groover & Johnston* and *H. D. D. Twiggs,* for plaintiff in error.   *James K. Hines* and *Brannen & Moore,* contra.

LUMPKIN, P. J.   This case is here for the third time.   At the October term, 1894, we held that the declarations of the testator, while admissible to show the state of his mind at the time of executing his will, were not competent for the purpose of showing that a fraud had been practiced upon him with the object of affecting the testamentary disposition of his estate. 94 *Ga.* 804.   At the March term, 1896, the only question passed upon was whether or not an heir at law, who seeks "to render a will inoperative as to him on the ground that it was executed under a mistake of fact as to his existence, is bound to show affirmatively that, but for· such mistake, he would have been named in the will as a beneficiary."   We decided that such an heir was not so bound.   98 *Ga.* 729.   The case is before us again, and the question upon which it now turns is one which was not presented by the record sent up to the term last mentioned, viz.:   Is the law now embraced in section 3262 of the Civil Code (Code of 1882, § 2403) "applicable in a case where it appears that the testator knew of the existence of the person claiming to be his heir and acted upon an erroneous conclusion as to the fact of relationship?"   The code section reads as follows:   "A will executed under a mistake of fact as to the exist-

ence or conduct of the heirs at law of the testator is inoperative, so far as such heir at law is concerned, but the testator shall be deemed to have died intestate as to him." We are inclined to think that a testator's mere knowledge of the existence of a person who happened to be of kin to him, with no knowledge either of the relationship or of any claim thereto, would not prevent that person, if really an heir at law, from invoking the provisions of this section for the purpose of having the will declared inoperative as to him. Though one at the time of making his will personally knew another who was nearly enough related to him to become his heir at law, yet if he were in complete ignorance of the fact of relationship and had never heard of its being asserted, there would be good reason for urging that the will was "executed under a mistake of fact as to the existence" of this heir, and the position thus taken would be one of great plausibility and force. The apparent object of the law is to guard against the unjust consequences, not of a mistake as to the mere physical existence of a person who would naturally be an object of the testator's bounty, but of a mistake as to the existence of a rightful claim on the part of that person to become a beneficiary under the will.

We are, however, of the opinion that even if the above is a correct interpretation of the meaning of the code section under consideration, and even if Mrs. Young was a niece of the testator, which seems to be conceded, that section is not applicable to the present case. Ellerbee, the testator, not only knew Mrs. Young, but he knew as well that she claimed to be his niece and nearest of kin. She informed him that she was the daughter of his deceased brother; and, under the belief that she was, he invited her to his home and treated her as a near and dear relative. Subsequently he for some reason withdrew from her his affection and confidence, and refused to longer extend to her his hospitality. As a consequence, she returned to her home in Texas. About seven years later he made his will without naming her therein. It was earnestly argued here that he pursued this course solely because of the fact that he was deceived by false and fraudulent representations to the effect that Mrs. Young was not related to him at all, but was the daughter of his

brother's wife by a second husband. There was no proof to support this contention, nor any basis therefor except declarations by the testator, the substance of which was that he had been informed Mrs. Young was not his niece and that he did not believe she was. These declarations, as above stated, were not competent evidence upon the question whether or not any fraud or deception was practiced upon the testator. It can not, therefore, be known with certainty that an erroneous belief on his part concerning Mrs. Young was really the cause of his disinheriting her. But grant, for the sake of the argument, that such was the fact, we still do not think that the will was, within the meaning of the law, executed under a "mistake of fact" either as to her existence or as to the rightfulness of her claim of relationship. To say that a testator acted "under a mistake of fact as to the existence" of an heir at law, is about the equivalent of saying that he acted "in ignorance" of such existence. This is what we think the section really means relatively to the subject of "existence." Of course, the words "mistake of fact" would apply literally to a question of conduct where existence and kinship and knowledge thereof were conceded.

But be all this as it may, it is certain that Ellerbee, at the time he made his will, was neither under a mistake of fact nor ignorant of the existence or conduct of Mrs. Young for want of information or the opportunity to obtain it. There is a difference between a "mistake" arising from mere ignorance and one which results from an error of judgment after investigation or from negligent or willful failure to make a proper investigation by means of which the truth could be readily and surely ascertained. It is to such a mistake as that first indicated that section 3262 applies. It could not have been intended to operate in instances of the latter character. If Ellerbee disinherited his niece because convinced that she was not his niece, he deliberately arrived at his conclusion of fact after an investigation satisfactory to himself, without choosing, as he might easily have done, to make one more thorough and searching. That his conclusion was wrong affords no cause for destroying his testamentary scheme. It was a question to which his attention was directly called, and he had the undoubted right to decide it for

himself. That he did not avail himself of all the light at his command, and as a consequence fell into an error as to the real truth of the matter, can not be a ground of judicial interference with his will. It would be establishing a very dangerous precedent were the courts to lay down the doctrine that, in a case where no fraud or undue influence was proved, a will might be set aside because the testator did not rightly determine for himself a question of fact, when it appeared that he had full opportunity and ample time to learn the truth. Whose will would be safe if liable to be invalidated upon a ground of this nature? In this connection, see *Jones* v. *Grogan, 98 Ga.* 552 (1), 554. In one sense, Ellerbee did make a mistake of fact in determining that Mrs. Young was not his niece, if he did so determine; but it would be more accurate to say he committed an error in deciding a question of fact, because he did not believe Mrs. Young's statement with reference thereto and did not take the proper steps to test its accuracy. He had the right to act on the evidence before him and form his own opinion therefrom, and he also had the right to refuse to seek other and additional evidence. To hold otherwise would be going a long step towards substituting for his actings and doings in the premises something else which we might happen to think he ought to have done. We would be unwilling, in any view of the matter, to assume such a grave and unwarranted responsibility.

It was also argued that Ellerbee certainly acted under a mistake of fact as to the "conduct" of Mrs. Young, in that he erroneously believed she was an impostress, when the contrary was true. Under the particular facts of this case, mistake as to conduct can not be dissociated from mistake as to existence. The one necessarily depends on the other. If Ellerbee was satisfied that Mrs. Young was his niece, he could not have been mistaken as to the propriety of her conduct in claiming so to be. If convinced that she was not, his mistake or error in this respect necessarily rendered the resulting erroneous belief that she had acted in bad faith of no consequence; for it was traceable solely to the first and main error and was a mere sequence therefrom. Clearly, our statute contemplates that the testator's action must be shown to have been based upon a misconceived

idea as to the conduct of a person known and recognized as one closely enough related to become an heir, before it can be assumed that, had it not been for such mistaken idea, this particular person would not have been disinherited. As has been seen, the real ground upon which Ellerbee acted, if he committed any error at all, was his belief that Mrs. Young was not his niece, not that by her conduct she had forfeited all claim to his bounty.

We find no cause for reversing the judgment. If Ellerbee knew that Mrs. Young was his nearest of kin and deliberately disinherited her, that certainly would end the matter. If he did not know of her relationship to him, it was because of incredulity or negligence rather than of mere ignorance or mistake. And lastly, it can not with any degree of certainty be known that he was really in error on this point, or that, if so, the error actually affected the tenor of his will.

*Judgment affirmed. All the Justices concurring.*