## LOVELADY *v.* FRANKLIN DAVIS NURSERY COMPANY.

1. While an appeal may be lawfully entered by an attorney in fact for the losing party, the authority of such attorney must be in writing and must be filed in the court in which the case is pending, either at the time the appeal is entered, or at such time thereafter as the court in its discretion may expressly allow. If such authority is not filed at the time the appeal is entered or

within the time allowed thereafter, the appeal must on motion be dismissed, unless it appears that the party has ratified in writing the unauthorized appeal.

2. The writing relied on as the authority of the alleged attorney in fact to enter the appeal in the present case did not confer upon the person therein named any such power.

Submitted April 1, — Decided April 26, 1901.

Certiorari. Before Judge Gober. Cherokee superior court. September 24, 1900.

*Teasley & Hutcherson,* for plaintiff in error.

*Lee Mullins* and *Kontz & Austin,* contra.

Cobb, J. Suit was brought by the Franklin Davis Nursery Company against Lovelady, in a justice's court, and resulted in a verdict in favor of the defendant. An appeal bond, reciting that Franklin Davis Nursery Company, being dissatisfied with the judgment, enters an appeal, etc., and signed "Franklin Davis & Co.," with another as security, was filed with the justice of the peace within the time allowed by law for the entering of the appeal. Subsequently. this appeal bond was amended in several particulars, one of them being to make the name of the obligor in the bond read as follows: "Franklin Davis Nursery Company, by their agent, B. F. Willingham." When the appeal came on to be tried in the justice's court a motion was made to dismiss the same, on the ground that the appeal bond had been made by an agent and there was no authority filed at the time of filing the bond which authorized an agent to appeal from the judgment in the case. The justice then proceeded to hear evidence as to the authority of the agent to enter the appeal, and a letter, of which the following is a copy, was introduced in evidence:

"Mr. B. F. Willingham, Esq. Ball Ground, Ga.

"Dear Sir: — Yours of the 28th inst. is received, and we are perfectly willing to transfer the accounts to you for collection, and this letter will be authority to that effect. Understand, however, that we are to be in no way responsible for any expenses which you may incur in bringing suit against delinquent parties whose claims we have sent you. Yours truly, Franklin Davis Nursery Co."

After hearing oral evidence, which is not material to be considered under the view we have taken of the case, the court overruled the motion to dismiss the appeal. The case proceeded to trial and resulted in a verdict in favor of the plaintiff, and the judge of the su-

perior court refused to sustain a certiorari sued out by the defendant, complaining of various rulings of the justice, among them being the refusal to dismiss the appeal. The defendant excepted to the overruling of his petition for certiorari.

We think the court erred in overruling the certiorari. The appeal should have been dismissed. Section 4457, of the Civil Code, declares: "An appeal may be entered by the plaintiff or defendant in person, or by his attorney at law or in fact, and if by the latter, he must be authorized in writing, which authority shall be filed in the court in which the case is pending at the time such appeal is entered; but if it is shown to the court that such authority exists, such court may allow a reasonable time to file the same, or such appeal shall be dismissed and execution issue without further order; and if such authority is not filed within the time allowed, a ratification of an appeal, unauthorized, if made in writing, and filed in the clerk's office before the next term of the court, shall render the appeal valid." Under this section an appeal can be entered only by the party, his attorney at law, or his attorney in fact; and it is essential to the validity of an appeal entered by an attorney in fact that the authority to enter the appeal shall be in writing and filed with the court either at the time the appeal is entered, or within such time thereafter as may be expressly allowed by the court, after authority to enter the appeal has been shown to exist. No writing showing authority on the part of Willingham to enter the appeal was filed at the time the appeal was entered. The letter which it is claimed contained authority to enter the appeal can not be properly construed to have this effect. Taking the letter as a whole, it evidences a manifest intention on the part of the plaintiff not to incur any expense whatever in regard to the collection of the accounts therein referred to; and if the paper has any effect at all, it would be to transfer the accounts to Willingham for collection at his own expense. There is nothing in the letter which could be construed as authority for Willingham to enter into an obligation which would render the plaintiff liable for costs and expenses in the event it was unsuccessful in the suit, or, being successful, was made liable for costs on account of the insolvency of the defendant. In addition to this, there is nothing whatever in the letter to connect it with the account which is sued on in the present case.

*Judgment reversed. All the Justices concurring.*