## FRIAR *v.* CURRY, ARRINGTON & COMPANY.

An appeal may be entered by an attorney at law without written authority so to do.

Submitted January 25, — Decided March 31, 1904.

Certiorari.　Before Judge Mitchell.　Berrien superior court. March 27, 1903.

*J. A. Alexander* and *J. Z. Jackson,* for plaintiff in error. *Hendricks & Harrison,* contra.

SIMMONS, C. J.　The trial of a case in a justice's court having resulted adversely to the plaintiffs, they entered an appeal to a jury in the same court.　A motion was made to dismiss this appeal, on the ground that it had been filed by the attorney at law of the appellants, and that he had failed to file any written authority to do so or to show a ratification by the appellants.　This motion was overruled, and a verdict found for the plaintiffs.　Upon certiorari complaint was made of the overruling of this motion.　The judge of the superior court overruled the certiorari, and the plaintiff in certiorari excepted.

Under the Civil Code, § 4457, "An appeal may be entered by the plaintiff or defendant in person, or by his attorney at law or in fact, and if by the latter, he must be authorized in writing, which authority shall be filed," etc.　"Under this section an appeal can be entered only by the party, his attorney at law, or his attorney

in fact; and it is essential to the validity of an appeal entered by an attorney in fact that the authority to enter the appeal should be in writing and filed." *Lovelady* v. *Franklin*, 113 *Ga.* 326. The requirement as to written authority is very clearly applicable to attorneys in fact only, and not to attorneys at law. The latter are also given express authority, by the Civil Code, § 4417, to bind their clients in entering appeals. See also § 4423. That an attorney at law may enter an appeal without written authority thus clearly appears; and the judgment below must be

*Affirmed. All the Justices concur.*