FRANKLIN, guardian, v. BELT, executor.

1. The reasonableness or unreasonableness of the disposition of his property, made by a testator by will, may be considered in connection with a ground of caveat alleging want of testamentary capacity, or it may be alleged and proved in connection with a claim that the will was the result of fraud or undue influence, working injury to the heirs at law. But a separate and distinct ground of caveat based on the mere allegation that a will was unreasonable and contrary to public policy, because it left nothing to the husband and practically nothing to the child of the testatrix, and bequeathed the entire estate to a third person (the sister of the testatrix), was demurrable.

2. Where a ground of a caveat to the probate of a will alleged that the instrument propounded as a will was not freely and voluntarily executed, but was the result of fraudulent practices upon the fears and affections of the testatrix, exerted at and before the making of the will by the person named as the executor and the person who was practically the sole legatee, by representing to and persuading her that her husband intended and was endeavoring to deprive her of the custody and control of her child of tender years, and had consulted counsel with a view to taking legal steps for that purpose, and that such statements were false and without foundation in fact. such ground of caveat was not subject to general demurrer.

3. Nor was a ground of caveat subject to general demurrer which set up that the will was the result of undue influence exerted over the testatrix, at and before its execution, by the person named as executor and the person who was the chief and practically sole legatee. which influence was exercised by collusively persuading her and making repeated false statements to her of the conduct and intention of her husband as stated in the preceding headnote.

4. Nor was a ground of caveat subject to general demurrer which set up that the will was the result of a mistake of fact by the testatrix as to the conduct of her husband, in respect to his intention and actions as stated above. Such a ground, if sustained, would affect the will pro tanto.

Argued November 25, 1907.—Decided January 31, 1908.

Probate of will. Before Judge Seabrook. Washington superior court. January 17, 1907.

C. I. Belt, as executor, propounded the will of Mary Hall Franklin, deceased, for probate. Mary E. Franklin, her minor child, through her next friend, interposed a caveat. The case was carried to the superior court by appeal. On demurrer the court struck the caveat; and after the introduction of evidence, a verdict was found in favor of the will, and a judgment entered accordingly. The caveatrix excepted. The grounds of the caveat, as amended, were as follows: (1) Because the instrument propounded is un-

natural and unreasonable, and contrary to the settled policy of this State, in that the said alleged will gives practically and substantially to one Annie T. Hall, who is not an heir at law of the said Mary Hall Franklin, the entire estate of said deceased, making the said Annie T. Hall in effect the sole legatee under said alleged will; and the same is therefore void and of no effect as against the rights of this caveatrix, who, although a female infant under two years of age, is left penniless by her deceased mother and excluded from all interest in her mother's estate, which is of the approximate value of fifteen thousand dollars.    (2) Because the alleged will was not freely and voluntarily executed by Mary Hall Franklin, but was the result of the fraudulent practices upon her fears and affections by C. I. Belt and Annie T. Hall, who at and before the execution of said alleged will persuaded the testatrix, by repeated statements to that effect, that her husband, S. O. Franklin, intended and was endeavoring to deprive her of her child and had taken advice of counsel with a view of taking legal steps to so deprive her; all of which statements were without foundation in fact, as S. O. Franklin had no intention of depriving testatrix of the possession and custody of her child.    (3) Because the execution of the alleged will was brought about by collusion between C. I. Belt and Annie T. Hall, which resulted in their exercising an undue influence over Mary Hall Franklin, and thereby procuring the execution of said will; the undue influence consisting in said Belt and Annie T. Hall persuading the testatrix, by repeated statements at and before the execution of the will, that her husband, S. O. Franklin, intended and was endeavoring to deprive her of her said child and had taken advice of counsel with a view of taking legal steps to so deprive her of the possession and custody of her said infant child; which statements were without any foundation in fact.    (4) Because the alleged will was executed by Mary Hall Franklin under a mistake of fact as to the conduct of one of her two heirs at law, to wit, her husband S. O. Franklin, whose interest in the estate of said deceased is now owned by this caveatrix, the mistake of fact under which testatrix labored and acted when making said alleged will being that she believed that her husband, S. O. Franklin, intended to deprive her of the possession, custody, and control of her infant daughter; and the alleged will was executed as a result of the said mistake of fact;

whereas S. O. Franklin was wholly innocent of said conduct and had no intention whatever of depriving his wife of the custody, possession and control of their infant daughter, this caveatrix.

The grounds of demurrer were as follows: (1) The allegagations contained in the fourth ground of caveat are vague and in indefinite, and set up no facts which would authorize this court to refuse probate to said will. (2) Said first ground sets up no facts which show that said will is unnatural and unreasonable and contrary to the settled policy of the State, and fails to allege or show the slightest ground of aberration of intellect on the part of the testatrix or collusion or fraud or any undue influence or unfair dealings, or anything which would tend to show that the will is inconsistent with the laws or contrary to the policy of this State. ' (3) The second ground sets up no facts which show or tend to show that any fraudulent practices were used upon the fears and affections of the testatrix at and before the execution of said will; and the facts set forth in this ground of caveat fail to show that the will was not freely and voluntarily executed by the testatrix. (4) The allegations contained in the third ground are vague and indefinite, and no facts are set up which would show any collusion between this propounder and Annie T. Hall, which resulted in their exercising an undue influence over the testatrix. (5) The allegations contained in the fourth ground of caveat are vague and indefinite, and do not set out such a mistake of fact as would be sufficient to reject the will offered for probate.

*W. E. Armistead, Hardwick, Wright & Hyman. and A. L. Miller*, for plaintiff in error. *Evans & Evans*, contra.

LUMPKIN, J. (After stating the foregoing facts.)

A will was propounded for probate. A caveat was interposed. On demurrer the grounds of the caveat were stricken, and after the introduction of evidence a verdict and judgment were had admitting the will to probate. The caveatrix (the minor child of the testatrix) excepted.

1. The reasonableness or unreasonableness of the disposition of a testator's estate has strong evidential value, where the issue is as to his testamentary capacity, and where the extent of the mental weakness is in doubt. Civil Code, § 3267. In connection with other evidence it may also be considered, where the issue is one of fraud, or of undue influence. It may be alleged along with

other facts in setting out fraud or undue influence and the·result thereof. A testator may, by will, make any disposition of his property not inconsistent with the laws or contrary to the policy of the State. If the will is freely and voluntarily made by a person who has testamentary capacity, a jury can not set it aside merely because they may think it unjust or unreasonable. *Slaughter* v. *Heath,* 127 *Ga.* 755 (57 S. E. 69). There is nothing in this will which is contrary to law or to the policy of this State, so as to render it void as illegal. A testator "may bequeath his entire estate to strangers, to the exclusion of his wife and children; but in such case the will should be closely scrutinized, and, upon the slightest evidence of aberration of intellect, or collusion or fraud, or any undue influence or unfair dealing, probate should be refused." Civil Code, § 3258. Considered as a separate and independent ground of caveat, the first ground was properly stricken on demurrer.

2. "The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." Civil Code, § 3260. "A will procured by misrepresentations or fraud of any kind, to the injury of the heirs at law, is void." § 3261. It was alleged that the executor named in the will and the sole legatee thereunder falsely persuaded the testatrix that her husband was endeavoring to deprive her of the custody of her child, and was actually taking legal advice for the purpose of accomplishing that end; and that the will, was the result of such fraudulent practices upon her fears and affections. Few stronger appeals could be made to a mother than that alleged. If anything would rouse her to action, and tend to affect the will which she was about to make, surely this would. If the facts alleged in the second ground of the caveat be true, as they must be taken to be for the purposes of the demurrer, there was enough to submit the question raised to the jury.

3. The third ground practically repeats the allegations of the second, and asserts that the alleged will was the result of undue influence. Strictly speaking, there is a difference between fraud and undue influence as grounds of a caveat. Undue influence may,

in a general way, be characterised as fraudulent; but not all fraud amounts to undue influence in the meaning of the law. In *Potts* v. *House,* 6 *Ga.* 325 (15), (50 Am. D. 329), it was said: "Influence in procuring a will to be made, to be undue, must amount to moral coercion; it must destroy the free agency of the testator and constrain him to do what is against his will, but what he is unable to refuse." To constitute undue influence within the meaning of the law, there must be mental constraint, moral coercion, the substitution of external for internal agency. *Thompson* v. *Davitte,* 59 *Ga.* 472, 476. There may be fraud by a trick or deception, which may furnish a ground for caveat, but which does not amount to undue influence. *Terry* v. *Buffington,* 11 *Ga.* 338 (8), (56 Am. D. 423); *Morris* v. *Stokes,* 21 *Ga.* 552; *Walker* v. *Hunter,* 17 *Ga.* 413. In *Bohler* v. *Hicks,* 120 *Ga.* 800 (48 S. E. 306), either deception or force and coercion, destroying free agency, is treated as undue influence. The decision there made was right on the facts of the case; but mere deception which leads a testator voluntarily to disinherit an heir or make a certain will is not identical with undue influence, which amounts to mental constraint and destroys free agency. This ground, in so far as it sets forth fraudulent practices upon the fears and affections of the testatrix, by holding before her the danger of the loss of possession of her child, and inducing her under that influence to make a will, sets forth a sufficient ground of caveat. It is substantially identical with that preceding it, save that it alleges that undue influence was exercised by means of the false appeal to the fears and affections of the testatrix.

4. "A will executed under a mistake of fact as to the existence or conduct of the heirs at law of the testator is inoperative, so far as such heir at law is concerned, but the testator shall be deemed to have died intestate as to him." Civil Code, § 3262. Practically the same facts referred to above were pleaded again; and it was alleged that, through a mistake as to the conduct and intentions of her husband in this regard, the testatrix executed the will. If this be so, it would invalidate the will pro tanto, if the caveat had been interposed by him; and if the caveatrix had the same right to urge this ground of caveat as he had, the result would be the same. No point was raised by the demurrer or urged in the briefs as to the allegation that the interest of the husband of the

deceased in her estate "is now owned by this caveatrix," or its sufficiency to establish subrogation of the caveatrix to the position of the husband, or any right which might have existed on his part to file a caveat; and we have raised no such question.

It was contended, inasmuch as there was no allegation that the husband and wife were living separately, that neither could she be mistaken as to his intention in regard to the custody of the child, nor could she be defrauded on that subject; but that she could easily ascertain his intention by inquiry, and could not be controlled by fear or fraud in regard to his conduct. It would be a most happy condition if fear and suspicion never entered the matrimonial domicile, and if during the cohabitation such perfect confidence existed that no third party could poison the mind of husband or wife against the other, or influence the conduct of either by fraudulently playing upon his or her fears or affections, to the detriment of the other. But this can not be laid down as a universal matrimonial rule. Nor are doubt and suspicion, when once aroused by fraudulent artifices, likely to be instantly allayed by inquiry of the person toward whom they are directed. At least there is no such certainty that they will be thus allayed as to authorize its announcement as a proposition of law, rendering the ground of caveat alleging such facts demurrable. In *Young v. Mallory,* 110 *Ga.* 10 (35 S. E. 278), the testator knew of the existence of the person claimed to be his next of kin, and had full time and opportunity, before executing his will, for ascertaining with certainty the truth or falsity of the claim of relationship. He made a will leaving nothing to such person. A caveat was interposed to its propounding, on the ground that it was executed under a mistake of fact as to the existence of the heir. It was held, under the evidence, that he knew of the existence of the person claiming to be of kin to him, and of such claim, and that the case did not fall within the provision of the law on the subject of a mistake as to the existence of the heir. In regard to mistakes of fact touching the conduct of an heir, see the discussion on pages 13 and 14 of that authority.

*Judgment reversed. All the Justices concur, except Evans, P. J., disqualified.*