## HOLLAND *v.* BELL.

1. Where probate of a will is contested for incapacity of the maker, or for fraud or undue influence, it is proper to inquire whether the provisions of the will are just and reasonable and accord with the state of the testator's family relations, or the contrary.

(*a*) The source from which the property disposed of by the will came into the decedent's possession may be shown, as well as the reasonableness of the provisions of the will.

2. A judgment will not be reversed because of the admission of evidence irrelevant, at the time of its admission, to any issue in the case, where at a subsequent stage of the trial the evidence becomes relevant and material upon a question injected into the case.

3. Where probate of a will was contested for incapacity of the maker and for fraud and undue influence, the following charge: "Every person is entitled to make a will, unless laboring under some disability of the law. This disability arises either from the want of capacity or the want of perfect liberty of action," was not calculated to confuse and mislead the jury because the maker of the will was shown to be a cripple and unable to walk without assistance.

4. Rules of evidence prescribed by the legislature, and contained in the Code of this State, may be given in charge to the jury, where pertinent under the pleadings and facts of the case.

(*a*) There is no merit in the complaint that a rule of evidence prescribed by the legislature and a part of the statute law of the State, when given in charge by the court to the jury, invaded the province of the jury.

5. The evidence authorized the verdict, and none of the assignments of error require a new trial.

No. 573. AUGUST 13, 1918.

Appeal from probate of will. Before Judge Eve. Worth superior court. July 27, 1917.

*Perry & Williamson* and *Pope & Bennet,* for plaintiff.
*James H. Tipton* and *Claude Payton,* for defendant.

GEORGE, J. The will of Miss Mary Jane Whaley was propounded for probate in solemn form. Mrs. Martha A. Bell, the

sister of the testatrix, was her sole heir at law. The will named Mrs. Alma B. Holland, one of the daughters of Mrs. M. A. Bell, as sole devisee. It was executed on June 4, 1914, and the testatrix died in the latter part of that year. The property owned by the testatrix at the time of her death consisted of a half undivided interest in 137 acres of land. R. A. Bell, the husband of Mrs. Martha A. Bell, conveyed the 137 acres of land to Mrs. Bell and the testatrix in 1895, upon the consideration of $237. Mr. Bell continued to reside upon the land, and the testatrix lived in the home until the death of Mr. Bell in December, 1913. Mrs. Bell and Miss Whaley then went to live with Mrs. Holland and her husband, Wiley Holland. The testatrix was never strong, and in 1911 she suffered a stroke of paralysis, followed by a second stroke in 1913. Thereafter she was practically helpless. Mrs. Bell remained in the home of Mrs. Holland only a short time, but the testatrix resided there until her death. On February 23, 1914, Miss Whaley made a deed to Mrs. Holland, conveying the half interest in the land devised by the will. A suit to cancel this deed was filed by Mrs. Bell, and is now pending. The caveat to the probate of the will by Mrs. Bell charges a conspiracy on the part of Mr. and Mrs. Holland, conceived by Mr. Holland, to get Miss Whaley in their home and under their influence, and to procure by fraud and undue influence the execution of the deed and subsequently the making of the will. It also charges that the testatrix at the time of the execution of the will was of unsound mind. The jury found against the will, and the propounder moved for a new trial upon the general grounds, and upon several additional grounds contained in an amendment to the motion. The motion was denied, and the propounder excepted.

1. In one of the grounds of the motion for new trial complaint is made of the admission in evidence of the deed from R. A. Bell to Mrs. Bell and Miss Mary Jane Whaley, the testatrix, purporting to convey 137 acres of land upon the consideration of $237. The half interest in the 137 acres of land described in the deed composed the estate, or at least the chief part of it, owned by the testatrix at the time of her death. It is insisted that the deed was irrelevant and illustrated no issue in the case. Evidence tending to show that the land was of the value of forty dollars per acre at the date of the execution of the will was also admitted on behalf of the caveatrix. This evidence was objected to as irrelevant and

immaterial. Without objection, a paper purporting to be the mutual will of the testatrix and the caveatrix, dated June 20, 1907, was introduced in evidence. This will recited that the 137 acres of land was held jointly by the makers thereof, and provided that it should be so held for their support and the support of R. A. Bell until their death and at their. death it should be equally divided between their heirs. We think the deed and the evidence tending to show the value of the land at the date of the execution of the will were relevant. Where a will is attacked upon the ground of mental incapacity of the testatrix to execute it, and fraud or undue influence in the procurement of it, and the evidence tends to. establish want of testamentary capacity, it is always material to show that the instrument itself attempts an unjust or an unnatural disposition of the decedent's estate. Indeed, where probate of the will is contested for incapacity, or for fraud and undue influence, "it is always proper to inquire whether the provisions of the will are just and reasonable, and accord with the state of the testator's family relations, or the contrary." 1 Schouler on Wills etc., § 238. According to the authority cited, "where the issues raised are fraud and undue influence, any evidence, however slight, tending to prove those issues, is freely admitted, and circumstantial evidence may suffice as a whole to disprove the will." Id. § 240. In 14 Enc. Ev. 431 (b), it is said: "The source from which the property disposed of by the will came into the decedent's possession may be shown, as well as the reasonableness of the provisions of the will." In support of the latter statement *Franklin* v. *Belt,* 130 *Ga.* 37 (60 S. E. 146), is cited. In support of the former statement the following cases are cited: Glover *v.* Hayden, 4 Cush. (Mass.) 580; Patterson *v.* Patterson, 6 Serg. & R. (Pa.) 55; Griffin *v.* Working Women's Home Assn., 151 Ala. 597 (44 So. 605); Cumby *v.* Bryan (Tex. Civ. App.), 28 S. W. 56. In the course of the opinion in Patterson *v.* Patterson, supra, it was said: "Here the testator ordered that his wife should have 'her gold watch, with all her wearing apparel, her saddle and bridle, with her spinning-wheel and reel;' and this is the whole provision that is made for her. In connection with evidence of a conspiracy between the father and mother of the testator, and in connection with the evidence of fraud and imposition on the testator's wife, the defendant offered to show, that the estate came by the wife, that it was valuable, and that she had been practised

upon, to induce her to consent that it should be turned from real to personal estate, to give the testator a disposing power over it. How far this should operate to show feebleness of mind in the testator, or imposition on him by his father and mother, is not for present consideration: but as a conspiracy was offered to be proved, and as these were circumstances connected with it, which might at least explain its motive and object, we can not say the evidence was altogether impertinent." In Glover *v.* Hayden, supra, evidence tending to show the source of the property was admitted to sustain the reasonableness of the will; and for a similar purpose evidence was admitted in the other cases cited in support of the text in 14 Enc. Ev. The contention of the caveatrix was that Mr. and Mrs. Holland, especially the former, conceived the purpose to obtain the property of both the caveatrix and the testatrix. In order to accomplish this purpose it is charged that Mr. Holland persuaded the caveatrix and the testatrix to go to his home, falsely and fraudulently representing to them that his home alone was open to them, and that it would be unsafe for them to remain at their home. The evidence tended to sustain these contentions. In view of the evidence upon the questions of mental capacity and fraud and undue influence, contained in the record, which it is unnecessary to set out here, we do not think that a new trial of the case should be ordered because of the admission of the deed and of the evidence tending to show the value of the land referred to.

2. A witness for the caveatrix was permitted to testify to a conversation between the witness and Wiley Holland, the husband of the propounder, in which the witness asked Holland whether the testatrix had "mind enough to sign up the papers she signed for you all," referring to the deed and will made by Miss Whaley to Mr. Holland's wife. The witness was permitted to testify that no response was made to this inquiry. The admission of this evidence is excepted to, and the ground urged is that the same was irrelevant, and that a conversation between the witness and Mr. Holland, the husband of the propounder and sole devisee in the will, was not admissible to impeach the will. We think this evidence was admissible, at least as tending to impeach Wiley Holland, who testified for the propounder. His direct testimony was to the effect that the testatrix had a sound, disposing mind and memory, and was in fact a woman of good judgment. It is true

that Mr. Holland had not testified to these facts at the time the evidence objected to was admitted, but a judgment will not be reversed because of the introduction of irrelevant and immaterial evidence, conceding it to be irrelevant and immaterial, where, at a subsequent stage of the trial the evidence becomes relevant and material. It is not, however, ruled that this evidence was irrelevant and immaterial in the first instance.

3. After charging the jury that "every person is entitled to make a will, unless laboring under some disability of the law," the court instructed the jury as follows: "This disability arises either from the want of capacity or the want of perfect liberty of action." The last-quoted charge is assigned as error for the reason that it impressed the jury with the idea that a party making a will must have perfect liberty of action in every respect, that is, a party making a will must have perfect liberty of action to go and do as he or she pleases in all respects, "and this was especially harmful to the movant in this case, for the reason that the evidence showed that the testatrix was a cripple and did not have 'perfect liberty of action' to go about over the country except when she was assisted by the people with whom she lived." The charge excepted to is section 3838 of the Civil Code. The charge is not subject to the criticism made, nor can it be conceded that it states the rule too strongly against the propounder of the will.

4. The court also charged section 3841 of the Civil Code, as follows: "In cases of doubt as to the extent of this weakness [in the mind of the testator], the reasonable or unreasonable disposition of his estate should have much weight in the decision of the question [as to whether it is a valid will.]" It is said that this charge was error for the reason that it invaded the province of the jury, in violation of section 4863 of the Civil Code, which forbids the judge to express an opinion on the weight of the evidence. The reply is that it is the law of this State as contained in the Code. Sections 3841 and 4863 are in pari materia. Laws pari materia must be construed with reference to each other. So construed, section 3841, in so far as it prescribes a rule of evidence, constitutes an exception to the general rule contained in section 4863, supra. Where section 3841 of the Code is applicable under the pleadings and evidence in a case, it may be given in charge to the jury.

We have carefully examined the several grounds of the motion

for new trial; and, except as indicated, none of them require special reference or show any cause for reversal. The requests to charge, where pertinent to the issues in the case, were fully and fairly covered by the general charge. Upon the questions of mental incapacity and undue influence, while the evidence is not wholly satisfactory, it can not be said that the verdict of the jury is without legal evidence to support it. This being true, the judgment overruling the motion for new trial is

*Affirmed. All the Justices concur.*