### MURPHY v. MURPHY et al.

GILBERT, J. 1. Where probate of a will is contested for incapacity of the maker, it is proper to enquire whether the provisions of the will are just and reasonable, and accord with the state of the testator's family relations, or the contrary. Civil Code (1910), § 3841; *Franklin* v. *Belt,* 130 *Ga.* 37 (60 S. E. 146). In the trial of such issue the source from which the property disposed of by the will came into the decedent's possession may be shown, as well as the reasonableness of the provisions of the will. *Holland* v. *Bell,* 148 *Ga.* 277 (96 S. E. 419). Accordingly, it was not error to admit in evidence deeds showing that the land in controversy, and devised under the will, formerly belonged to the husband of the testatrix, now one of the caveators, and was conveyed by him to a third party, and subsequently conveyed by such third party to the testatrix.

2. It was not error to allow parol evidence by the husband of the testatrix,

to the effect, that he executed the deed first mentioned in the preceding headnote to the grantee named therein, because he had borrowed the sum of $300; that he had repaid the borrowed money and had requested said grantee to reconvey the land to himself, which request was refused; that he had lived upon the property, claiming it as his own, .for more than fifty years, had given it in and paid taxes on it during that time; and that he had not given to the grantee in said deed authority to make the deed to the testatrix.

3. The remaining assignments of error are either incomplete and present no question for decision, or do not show cause for the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2561. NOVEMBER 17, 1921. REHEARING DENIED DECEMBER 16, 1921.

Appeal. Before Judge Thomas. Colquitt superior court. .March 19, 1921.

*James Humphreys* and *Dowling, Askew & Whelchel,* for plaintiff.

*W. A. Covington* and *Shipp & Kline,* for defendants.

