20347. WORRELL *et al. v.* GANNS, Executor.

CANDLER, Justice. An instrument purporting to be the last will and testament of Ushel L. Ganns was offered for probate in solemn form by Joseph L. Ganns, the nominated executor. It bequeathed all of her property to Joseph L. Ganns without condition or limitation. Julia Mae Worrell, George Young, Arthur Young, Leon Young, Juanita Reeves, and Abbie Chatham, alleging themselves to be heirs at law of the deceased, objected to the probate on the grounds of mental incapacity, undue influence, and non est factum. The ordinary probated the instrument, ordered it recorded as the will of the deceased, and directed issuance of letters testamentary to the propounder. The case was in due time appealed to the Superior Court of Baldwin County. On the trial in that court, at which both sides introduced evidence, a jury found in favor of the propounder, and the caveators moved for a new trial on the usual general grounds. Their motion, which they later amended by adding two special grounds, was denied, and they except to that judgment. *Held:*

1. While the evidence respecting each ground of the caveat was in sharp conflict, nevertheless, it was sufficient to support the verdict. Hence the general grounds of the motion for new trial are not meritorious.

2. During the trial, the caveators sought to introduce as evidence a deed which the deceased gave to Joseph L. Ganns on November 29, 1945, as security for the repayment of a loan of $1,500 that he had made to her; the land conveyed by such security deed being the same land which the deceased owned at the time of her death. Admission of the deed was refused by the court on the ground that it was irrelevant to and not illustrative of any issue raised by the caveat. As to the correctness of this ruling, we agree with the trial judge. Consequently, that special ground of the motion which complains of this does not authorize a reversal of the judgment refusing a new trial.

3. On objection thereto by counsel for the propounder, the court refused to allow in evidence four warranty deeds which were executed and delivered to the deceased during May, 1925, and which conveyed to her an undivided four-fifths interest in all of the realty that she owned at the time of her death. Since probate of the will was contested on the ground of men-

tal incapacity of the testatrix. to make a will, and on the ground of undue influence exerted over her by the propounder —the sole beneficiary of the will—we think that the court erred in not admitting the deeds in evidence. The oral testimony shows without dispute that the caveators are nephews and nieces of the testatrix who were reared by her, they being the children of a deceased brother. The propounder testified: that he and his first wife separated in Cleveland, Ohio; that she now resides in Chicago; that he had been told that she obtained a divorce from him, but he did not know when, where or in what court; that he married the testatrix at Macon, Georgia; and that they have no child or children. But, as to his marriage to the deceased, he offered no proof of a ceremonial marriage. Several witnesses for the caveators testified that the testatrix was unconscious during all of the day on which the will was purportedly signed by her, and had been for several days immediately prior thereto as the result of a paralytic stroke, and that she died on the day following the one on which the will was allegedly signed. The descriptive averments of the rejected deeds recite that each grantor conveyed to the grantee, for a consideration of $1 and natural love and affection, his or her respective interest in all of the realty which S. M. Doles conveyed in 1872 to Lizzie Young, the mother of the testatrix; and that the grantors and the grantee in those deeds were at the time of such conveyances the sole and only heirs at law of Lizzie Young, who died intestate leaving no debts. Under substantially like facts and circumstances, this court has at least five times held that testimony showing the source from which property disposed of by will came into the decedent's possession was relevant and material. See *Pergason v. Etcherson,* 91 *Ga.* 785 (1) (18 S. E. 29); *Holland v. Bell,* 148 *Ga.* 277 (1) (96 S. E. 419); *Murphy v. Murphy,* 152 *Ga.* 275 (1) (109 S. E. 903); *Shaw v. Fehn,* 196 *Ga.* 661 (2) (27 S. E. 2d 406); and *Northwestern University v. Crisp,* 211 *Ga.* 636 (4) (88 S. E. 2d 26). In the *Holland* case, supra, it was said in the first headnote: "Where probate of a will is contested for incapacity of the maker, or for fraud or undue influence, it is proper to inquire whether the provisions of the will are just and reasonable and accord with the state of the testator's family relations, or the contrary. (*a*) The source from which the property disposed of by the will came into the decedent's possession may be shown,

as well as the reasonableness of the provisions of the will." Hence this special ground of the motion requires a reversal of the judgment refusing a new trial.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 14, 1959—DECIDED FEBRUARY 6, 1959.

*Eva L. Sloan, James M. Watts,* for plaintiffs in error.
*J. A. Gilmore,* contra.