## 21076. GANNS v. WORRELL *et al.*

HAWKINS, Justice. This is the second appearance of this case in this court. The first trial resulted in a verdict for the propounder. A motion for new trial by the caveators, based on the usual general grounds and two special grounds, was denied by the trial court, and that judgment was reversed by this court on one of the special grounds complaining that relevant and material evidence had been wrongfully excluded, and in disposing of the general grounds this court held that, while the evidence was in sharp conflict, it was sufficient to support the verdict. *Worrell v. Ganns*, 214 Ga. 708 (107 S. E. 2d 186).

Prior to the second trial, counsel for the propounder filed a written motion to dismiss the appeal of the six named caveators on the grounds: (a) that the appeal bond is insufficient in law and is null and void in that it is made, as stated in the caption, in favor of "Joseph L. Ganns, appellee," in his individual capacity, and not in his representative capacity as executor of the will of Ushel L. Ganns, and that the words "as executor of the estate of Ushel L. Ganns," following his name in the body of the bond, are descriptio personae of said appellee and are not in his said representative capacity; (b) that the appeal bond is null and void because not executed under the signatures and seals of the several purported principals, their names being typewritten and no seals affixed thereto; and (c) that the appeal bond is null and void in that it appears that it is executed under the single, one and only signature and seal of James M. Watts, the attorney for the several appellants, and that the legal effect thereof is that the attorney is himself bound as the sole principal, and not said alleged appellants.

On the call of the case for trial, counsel for the propounder made an oral motion to dismiss the caveat on the grounds now insisted upon, (1) that the same does not show any legal right in the caveators to file the same, and (2) that the same does not set out any legal ground for refusing to probate the will.

At the conclusion of the introduction of evidence, counsel for the propounder moved the court to direct a verdict for the propounder, which motion was denied, and when the jury failed to reach a verdict and a mistrial was declared, moved thereafter for a judgment for the propounder notwithstanding the

mistrial, on the grounds: (1) that the evidence was insufficient as a matter of law to support the pleadings of the caveators, and all the evidence demanded a verdict in favor of the propounder; and (2) that there is nothing in the evidence to show that the caveators are heirs at law of the testatrix or have any other claim or interest in her estate or right· to caveat the will, which motion was also denied. To all of these judgments the propounder excepts. *Held:*

1. The fact that the caption of the appeal bond designates the appellee as "Joseph L. Ganns," without indicating his representative capacity does not render the bond void, where "Joseph L. Ganns, as executor of the estate of Ushel L. Ganns," was properly named as obligee in the body of the bond. The appeal and bond having been executed and signed by the attorney for the appellants by typing the names of the appellants thereto and signing the same in his own handwriting followed by a seal, it was not error to deny the motion to dismiss the appeal. *Code* § 6-107; *Code Ann.* § 9-605; *Nisbet v. Lawson,* 1 Ga. 275; *Hill v. Hudspeth,* 22 Ga. 521; *Friar v. Curry, Arrington & Co.,* 119 Ga. 908 (47 S. E. 206); *Sanders v. Mathewson,* 121 Ga. 302 (48 S. E. 946); *Barley v. Horton,* 149 Ga. 605 (101 S. E. 680); *McCoy v. Sasnett,* 77 Ga. App. 819, 821 (49 S. E. 2d 913); *Bank of Ringgold v. Poarch,* 30 Ga. App. 102 (117 S. E. 114); *Katz v. Teicher,* 98 Ga. App. 842 (107 S. E. 2d 250), and cases there cited.

2. The caveat to the probate of the will, duly filed by six named persons, who alleged themselves to be heirs at law of the testatrix, which caveat alleged that the testatrix "Ushel Young Ganns, at the time of making said pretended will, was not of sound and disposing mind and memory," was sufficient as against an oral motion to dismiss in the nature of a general demurrer, and the trial judge did not err in denying such oral motion to dismiss. If more definite allegations as to the relationship of the caveators to the testatrix were desired, they should have been called for by special demurrer. *Stephens v. Hughey,* 174 Ga. 561 (162 S. E. 915); *Wetter v. Habersham,* 60 Ga. 193 (4); *Lamb v. Girtman,* 26 Ga. 625; *Stephens v. Brady,* 209 Ga. 428 (73 S. E. 2d 182).

3. Only two of the caveators testified on the trial of the case, and both swore that the testatrix was their aunt. The propounder of the will, Joseph L. Ganns, was designated in the

will as the husband of the testatrix. He testified that he and the testatrix were married and a certified copy of the marriage license of Joseph L. Ganns and Ushel Young was admitted in evidence. It is insisted by counsel for the propounder that the evidence demanded a verdict for the propounder, since even if the will should be set aside, the caveators would not inherit as heirs of the testatrix; but since she and her husband had no children, the husband as her sole heir at law would inherit to the exclusion of the nieces and nephews; and that the trial court erred in denying the motion for a judgment notwithstanding the mistrial. If this was all the evidence, this position would be well taken (*Code* §§ 113-902, 113-903; *Pierce v. Felts,* 148 Ga. 195, 96 S. E. 177; *Baker v. Henderson,* 208 Ga. 698, 69 S. E. 2d 278), but the propounder further testified that he had previously been married; that he and his former wife moved to Chicago, where they had domestic troubles; that he was ordered by the judge there to stay away from his wife; that he left Chicago and returned to Milledgeville, Georgia, and later married the testatrix in Macon, Georgia. He further testified that he had not obtained a divorce from his former wife; that he had not seen her in ten or twelve years, and not having seen her he did not know whether she was living or not; that while he went to see his children in Illinois and spoke to them about their mother sometimes, "She don't care anything about me and I don't care anything about her." When asked, "But you know from talking to your children and you haven't heard different that she is living, don't you," he replied "That still don't make me know she is living." By Ga. L. 1957, p. 83, amending *Code* § 53-102 (1), it is provided that one laboring under a previous marriage undissolved is not capable of contracting a marriage, and that a dissolution of a previous marriage in a divorce proceeding must be affirmatively established. *New Amsterdam Casualty Co. v. Thompson,* 100 Ga. App. 677, 685 (112 S. E. 2d 273). It thus appearing that the propounder had been previously married, and there being no evidence that his former wife was dead at the time he entered into the ceremonial marriage with the testatrix, or that a divorce had been obtained by him from his former wife, the evidence did not demand a finding that he was the husband and sole heir at law of the testatrix.

While the testatrix, if possessed of testamentary capacity, could have willed her property to the propounder, to the exclusion of her nieces and nephews, even if he were not her lawful husband, on the present trial, as on the former trial, the evidence touching the mental capacity of the testatrix to execute a will was in conflict and it was not error for any reason assigned to deny the motion of the propounder for a judgment notwithstanding the mistrial. *Worrell v. Ganns,* 214 Ga. 708, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1960—DECIDED DECEMBER 5, 1960— REHEARING DENIED DECEMBER 12, 1960.

*J. A. Gilmore, U. Erwin Sibley,* for plaintiff in error. *Eva T. Sloan, James M. Watts,* contra.