23350. MURRY v. LETT.

ARGUED FEBRUARY 16, 1966—DECIDED APRIL 5, 1966—
REHEARING DENIED APRIL 19, 1966.

P. D. Herndon, for appellant.

Philip T. Keen, William R. Harp, for appellee.

GRICE, Justice. Trial of a suit to set aside the foreclosure sale of certain real estate produced this appeal. The litigation began when Lucille Broadnax filed suit in the Superior Court of Fulton County against Nera Lett, the holder of the security deed with power of sale. The plaintiff claimed an equity in this property by virtue of a warranty deed from Floyd Foster, who had allegedly inherited the property from his wife, Annie Ackerman.

In *Murry v. Lett*, 219 Ga. 809 (136 SE2d 348), we held that the petition sufficiently alleged contractual modification creating a quasi new agreement as to payments on the indebtedness, excuse of tender by the plaintiff, and a marriage between Annie Ackerman and Floyd Foster so that he inherited an equity in the property involved which he could convey to the plaintiff, and thus that it set forth a cause of action.

Upon the trial the judge directed the jury to return a verdict for the defendant, and subsequently rendered a decree in her favor. The decree, entitled "Verdict and Judgment," recited that the defendant moved for a directed verdict in her favor and that the evidence demanded such a verdict. It further recited, in material part, that "the court . . . directed the jury to return a verdict in the case in favor of [the defendant]," and ordered that judgment be entered "upon said verdict thus directed."

The plaintiff enumerates as error the following: failing to submit the case to the jury for a verdict; entering a decree without a verdict; deciding without a jury that payments on the indebtedness were excessively in arrears; failing to credit testi-

mony of an agent of a prior holder that his principal refused him permission to foreclose; refusing to declare a mistrial after failure to submit the case to a jury for a verdict on their own, or under the court's direction; refusing plaintiff's motion for new trial after there was no jury verdict; and failing to consider case authorities cited for consideration. She urges that no verdict was in fact returned by the jury. The record contains no document purporting to be a verdict, and according to affidavits from two of the jurors who served on the case, no verdict was rendered.

However, under our view, we do not reach the merits of any of these enumerations of error. The appellant, as plaintiff in the court below, failed to show that she had any equity in the property in dispute. Upon the prior appearance (*Murry v. Lett*, 219 Ga. 809, supra), this court said: "The petition related that the plaintiff acquired her equity in the property by deed from Floyd Foster who inherited the same as the widower of Annie Ackerman. Thus, it became essential that the petition show that Foster was in fact the widower of Annie Ackerman."

It was likewise essential upon the trial of the case that the *evidence* show this. However, it did not do so. Although there was evidence of a ceremonial marriage between Annie Ackerman and Foster on January 23, 1946, it was undisputed that previous to such marriage she had married James (Felter) Ackerman. There was no evidence as to dissolution by death or divorce of this prior marriage to Ackerman.

Consequently, what was held in *Ganns v. Worrell*, 216 Ga. 512, 514 (117 SE2d 533), applies with equal force here: "By Ga. L. 1957, p. 83, amending *Code* § 53-102 (1), it is provided that one laboring under a previous marriage undissolved is not capable of contracting a marriage, and that a dissolution of a previous marriage in a divorce proceeding must be affirmatively established. [Citation.] It thus appearing that the propounder had been previously married, and there being no evidence that his former wife was dead at the time he entered into the ceremonial marriage with the testatrix, or that a divorce had been obtained by him from his former wife, the evidence did not demand a finding that he was the husband and sole heir at law of the testatrix."

Therefore, plaintiff did not show that her grantor, as the widower of Annie Ackerman, inherited any equity in this property which he could convey to her by his deed. Hence she is not entitled to any relief as to this property. She is met with the rule that: "In no case will the Supreme Court undertake to pass upon questions presented by a bill of exceptions when an adjudication of them, even though favorable to the plaintiff in error, could not possibly result in any practical benefit to him." *Benton & Brother v. Singleton*, 114 Ga. 548 (4) (40 SE 811).

The judgments complained of are

*Affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*