44341. DeFEE v. KALEY, Ordinary.
44363. GREENWAY v. KALEY, Ordinary.

EBERHARDT, Judge. Appellants qualified as write-in candidates for the office of Treasurer of Cobb County in the general election held November 5, 1968. Two others likewise qualified as write-in candidates, or attempted to do so. One of the others, Peggy J. Westmoreland, received the highest write-in vote, and James W. Cooper recieved the second highest number of votes. DeFee filed his election contest, contending that neither Westmoreland nor Cooper had complied with the

provisions of Art. II, Sec. VII, Par. I of the Constitution of 1945, in that neither had filed with the ordinary of the county his written declaration of intent to run as a write-in candidate nor had either published notice thereof at least 20 days prior to the date of the election; thus leaving, as he contends, as the only quailified candidates Milliwan W. Greenway and himself, neither of whom received a majority of the write-in votes cast, and he prays for an order directing the holding of. a run-off election between himself and Greenway. Greenway filed her answer and cross action contending that she alone was a qualified write-in candidate, and prayed for an order directing that she be certified to the Secretary of State as the duly elected Treasurer of Cobb County.

At a hearing on the contest proceeding a motion to dismiss both the contest of DeFee and the cross action of Greenway was sustained, and both appeal. *Held:*

1. It is provided in Art. XI, Sec. I, Par. VI of the Constitution of 1945 (*Code Ann.* § 2-7806) that "the General Assembly . . . may abolish the office of County Treasurer in any county . . ." Pursuant thereto the General Assembly did (Ga. L. 1965, p. 3216) abolish the office of Treasurer of Cobb County. There was no attack on the constitutionality of the Act in the trial court and, indeed, none is attempted on appeal. Consequently, it appears that the office to which appellants sought election as write-in candidates did not then exist and does not now exist. Dismissal of the contest proceeding was proper.

2. Appellants urge that the motion to dismiss which the trial court sustained was made orally and that since the Civil Practice Act requires that motions be in writing and that these be served on opposing parties, the sustaining of the oral motion to dismiss was error. *Code Ann.* § 81A-107 (b) (1) provides that "unless made during a hearing or trial, [motions] shall be made in writing." We can see no inhibition to the grant of the oral motion here, which was made at the hearing, and which we perceive was properly sustained. Neither the contest nor the cross action stated a claim upon which relief could be granted. Any effort to grant the relief sought would be a vain and useless procedure—which the law neither requires nor does. *Lex non frustra facit.* The law will not, itself, attempt to do that which would be fruitless. *Ray v. Cobb County Bd. of Educ.*, 110 Ga. App. 258, 264 (138 SE2d

540

392); *Johnson v. State,* 215 Ga. 839 (5) (114 SE2d 35); *Murry v. Lett,* 222 Ga. 67 (148 SE2d 412); *Greenway.v. De-Fee,* 225 Ga. 60 (165 SE2d 829).

Judgments affirmed. *Bell, P. J., and Deen, J., concur.*
ARGUED MARCH 4, 1969—DECIDED APRIL 7, 1969.

Jewell Larry DeFee, *pro se.*
`Doyle C. Brown,* for Greenway.
*Edwards, Bentley, Awtry & Parker, A. Sidney Parker,* for appellee.